02C 2986    02C 2986

FILED

APR - 4 2002

Judge Lasnik

CHIEF JUDGE ASPEN

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

APR - 3 2002

APR 1 6 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

02C 2985

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

I hereby certify that the
annexed instrument is a true
and correct copy of the original
on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U. S. District Court
Western District of Washington

By _____
Deputy Clerk

DOCKETED

APR

FILED

APR 1 6 2002

MICHAEL W. DOBBINS
CLERK, DISTRICT COURT

UNITED STATES OF AMERICA
ex rel. COSENS,

                    Plaintiff,

UNIVERSITY OF ALABAMA
HOSPITAL, et al.,

                    Defendants.

NO.   C94-474L

[Proposed] ORDER

FILED UNDER SEAL

02C 2986

Having considered the Unopposed *Ex Parte* Motion of United States and Relator To Sever and Transfer the Illinois Defendants, IT IS HEREBY ORDERED AND ADJUDGED that the claims against defendants Northwestern Memorial Hospital; Foster G. McGaw Hospital, Loyola University of Chicago; and Rush-Presbyterian-St. Luke's Medical Center are severed into three separate and individual civil actions.

AUG 2 7 2002

IT IS FURTHER ORDERED AND ADJUDGED that the clerk is directed to take appropriate action to transfer venue for the claims against these three defendants to the district court for the Northern District of Illinois, and to inform that court that they should be treated as separate but related cases.

IT IS FURTHER ORDERED AND ADJUDGED that the United States shall have until August 19, 2002, to decide whether to intervene in the actions against these defendants, and that these actions SHALL REMAIN UNDER SEAL until August 19, 2002, or until an order is entered by the Northern District of Illinois directing to the contrary.

Dated: April 4, 2002

02C 2985

02C 2987

_____
UNITED STATES DISTRICT JUDGE

#8    C94-474L

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

SEE #02CV2985

JRYDMD

U.S. District Court
U.S. District Court -- Western Washington (Seattle)

CIVIL DOCKET FOR CASE #: 94-CV-474

Cosens, et al v. Univ of Alabama, et al            Filed: 03/31/94
Assigned to: Judge Robert S. Lasnik
Demand: $0,000                          Nature of Suit: 890
Lead Docket: None                       Jurisdiction: US Plaintiff
Dkt# in other court: None

Cause: 31:3729 False Claims Act
                                        I hereby certify that the
                                        annexed instrument is a true
                                        and correct copy of the original
                                        on file in my office.
KEVIN D COSENS, United States,    Donald R Warren    ATTEST: BRUCE RIFKIN
ex rel                            FTS FAX            Clerk, U. S. District Court
    plaintiff                     FAX 1-619-233-0177  Western District of Washington
                                  [COR LD NTC]
                                  ESTEP & WARREN      By Judy Kalberg
                                  2257 FRONT ST              Deputy Clerk
                                  SAN DIEGO, CA 92101-1909
                                  619-233-0224
                                                    02C 2986
                                  Phillip E Benson
                                  714-637-5573
                                  [COR LD NTC]
                                  8141 E KAISER BLVD
                                  STE 203
                                  ANAHEIM, CA 92808-2241
                                  714-637-5573        FILED

      02C 2985                    William Keller McInerney, Jr.
                                  FTS FAX
                                  FAX 624-1744        APR 1 6 2002
                                  [COR LD NTC]
      02C 2987                    1000 2ND AVE
                                  SUITE 1760          MICHAEL W. DOBBINS
                                  SEATTLE, WA 98104   CLERK, U.S. DISTRICT COURT
                                  206-524-4404
                                                     DOCKETED
                                                     APR 2 9 2002
KEVIN D COSENS, State of          Donald R Warren     AUG 2 7 2002
California ex rel                 (See above)
    plaintiff                     [COR LD NTC]

                                  William Keller McInerney, Jr.
                                  (See above)
                                  [COR LD NTC]

UNITED STATES OF AMERICA          Brian C Kipnis
    plaintiff                     FTS FAX
                                  FAX 553-0116

Docket as of April 10, 2002 12:20 pm            Page 1

1771
IN 02C2985

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

                                                                    JRYDMD

                                          [COR LD NTC]
                                          David Reese Jennings
                                          FTS FAX
                                          FAX 553-0116
                                          [COR LD NTC]
                                          U S ATTORNEY'S OFFICE
                                          601 UNION ST
                                          STE 5100
                                          SEATTLE, WA 98101-3903
                                          206-553-7970

                                          Harold Malkin
                                           [term 09/27/01]
                                          [COR LD NTC]
                                          YARMUTH WILSDON CALFO PLLC
                                          1201 THIRD AVE
                                          STE 3080
                                          SEATTLE, WA 98101-3000
                                          206-516-3800

     v.

UNIVERSITY OF ALABAMA HOSPITAL
     defendant
  [term 04/04/02]

ARIZONA HEART INSTITUTE
FOUNDATION
     defendant
  [term 04/04/02]

GOOD SAMARITAN REGIONAL
MEDICAL CENTER
     defendant

HEALTHWEST REGIONAL MEDICAL
CENTER
     defendant

ST. JOSEPH'S HOSPITAL AND
MEDICAL CENTER
     defendant

UNIVERSITY MEDICAL CENTER
     defendant
  [term 04/04/02]

Docket as of April 10, 2002 12:20 pm                    Page 2

```
Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al
```
                                                                    JRYDMD

```
CEDARS-SINAI MEDICAL CENTER
     defendant
  [term  04/04/02]


CHILDREN'S HOSPITAL OF LOS
ANGELES
     defendant
  [term  04/04/02]


DANIEL FREEMAN MEMORIAL
HOSPITALS
     defendant
  [term  04/04/02]


GOOD SAMARITAN HOSPITAL OF
SANTA CLARA VALLEY
     defendant


GREEN HOSPITAL OF SCRIPPS
CLINIC
     defendant


HOAG MEMORIAL HOSPITAL
PRESBYTERIAN
     defendant


HOSPITAL OF THE GOOD SAMARITAN
     defendant
  [term  04/04/02]


KAISER FOUNDATION HOSPITAL
     defendant
  [term  04/04/02]


LOMA LINDA UNIVERSITY MEDICAL      Stephen Damian Rose
CENTER                               [term  04/04/02]
     defendant                     FTS FAX
  [term  04/04/02]                 FAX 1-425-635-7720
                                   [COR LD NTC]
                                   Michael P. Ruark
                                     [term  04/04/02]
                                   [COR LD NTC]
                                   Adam G Snyder
                                     [term  04/04/02]
                                   [COR LD NTC]
```

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

```
                              INSLEE, BEST, DOEZIE & RYDER PS
                              PO BOX C90016
                              BELLEVUE, WA 98009-9016
                              425-455-1234
```

LONG BEACH MEMORIAL MEDICAL
CENTER
     defendant
 [term  04/04/02]


 MERCY GENERAL HOSPITAL
     defendant


ST JOSEPH MEDICAL CENTER
     defendant


ST. VINCENT MEDICAL CENTER
     defendant


SCRIPPS MEMORIAL HOSPITAL - LA
JOLLA
     defendant


SEQUOIA HOSPITAL DISTRICT
     defendant


SETON MEDICAL CENTER
     defendant


SUTTER MEMORIAL HOSPITAL
     defendant
 [term  03/29/96]


STANFORD UNIVERSITY HOSPITAL
     defendant


UNIVERSITY OF CALIFORNIA AT
LOS ANGELES MEDICAL CENTER
     defendant
 [term  04/04/02]


UNIVERSITY OF CALIFORNIA SAN
DIEGO MEDICAL CENTER

Docket as of April 10, 2002 12:20 pm                    Page 4

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

        defendant


UNIVERSITY OF CALIFORNIA SAN
FRANCISCO MEDICAL CENTER
        defendant


YALE-NEW HAVEN HOSPITAL                 Stephen Damian Rose
        defendant                        [term  04/04/02]
    [term  04/04/02]                    (See above)
                                        [COR LD NTC]
                                        Michael P. Ruark
                                         [term  04/04/02]
                                        (See above)
                                        [COR LD NTC]
                                        Adam G. Snyder
                                         [term  04/04/02]
                                        (See above)
                                        [COR LD NTC]


CHILDREN HOSPITAL
        defendant


UNIVERSITY HOSPITAL DENVER
        defendant
    [term  04/04/02]


BAPTIST HOSPITAL
        defendant
    [term  04/04/02]


FLORIDA HOSP MEDICAL CENTER
        defendant
    [term  04/04/02]


FLORIDA MEDICAL CENTER
HOSPITAL
        defendant


HCA WEST FLORIDA REGIONAL
MEDICAL CENTER
        defendant


HOLY CROSS HOSPITAL
        defendant

```
Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al
                                                    JRYDMD
```

LAKELAND REGIONAL MEDICAL
CENTER
     defendant
  [term  04/04/02]


LEE MEMORIAL HOSP
     defendant
  [term  04/04/02]


MIAMI HEART INSTITUTE
     defendant


MT SINAI MEDICAL CENTER
     defendant


ORLANDO REGIONAL MEDICAL
CENTER
     defendant
  [term  04/04/02]


SHANDS HOSPITAL AT THE
UNIVERSITY OF FLORIDA
     defendant
  [term  04/04/02]


SOUTH MIAMI HOSPITAL
     defendant


CRAWFORD LONG HOSPITAL OF
EMORY UNIVERSITY
     defendant
  [term  04/04/02]


EMORY UNIVERSITY HOSPITAL
     defendant
  [term  04/04/02]


ST. JOSEPH'S HOSPITAL OF          Stephen Damian Rose
ATLANTA                             [term 04/04/02]
     defendant                     (See above)
  [term  04/04/02]                 [COR LD NTC]
                                   Michael P. Ruark
                                    [term  04/04/02]
                                   (See above)


Docket as of April 10, 2002 12:20 pm          Page 6

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

                              [COR LD NTC]
                              Adam G Snyder
                               [term  04/04/02]
                              (See above)
                              [COR LD NTC]


FOSTER G MCGAW HOSPITAL
      defendant
   [term  04/04/02]


LOYOLA UNIVERSITY OF CHICAGO
      defendant
   [term  04/04/02]


NORTHWESTERN MEMORIAL HOSPITAL
      defendant
   [term  04/04/02]


RUSH-PRESBYTERIAN-ST. LUKE'S
MEDICAL CENTER
      defendant
   [term  04/04/02]


METHODIST HOSPTIAL OF INDIANA
      defendant


ST. JOSEPH'S MEDICAL CENTER
      defendant


ST. VINCENT'S HOSITAL AND
HEALTH CARE CENTER
      defendant


JOHNS HOPKINS HOSPITAL
      defendant


SINAI HOSPITAL OF BALTIMORE
      defendant
   [term  04/04/02]


UNIVERSITY OF MARYLAND MEDICAL
SYSTEM
      defendant
   [term  04/04/02]

Docket as of April 10, 2002 12:20 pm                     Page 7

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

BETH ISRAEL HOSPITAL
      defendant


BRIGHAM & WOMEN'S HOSPITAL
      defendant


LAHEY CLINIC HOSPITAL
      defendant


MASSACHUSETTS GENERAL HOSPITAL
      defendant


NEW ENGLAND DEACONESS HOSPITAL
      defendant


UNIVERSITY OF MASSACHUSETTS
MEDICAL CENTER
      defendant
  [term  04/04/02]


HARPER HOSPITAL
      defendant


HENRY FORD HOSPITAL
      defendant
  [term  04/04/02]


OAKWOOD HOSPITAL
      defendant
  [term  04/04/02]


ST. JOHN HOSPITAL AND MEDICAL
CENTER
      defendant
  [term  04/04/02]


ST JOSEPH MERCY HOSPITAL
      defendant


CATHERINE MCAUEY HEALTH SYSTEM
      defendant

Docket as of April 10, 2002 12:20 pm                    Page 8

```
Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al
                                                              JRYDMD


UNIVERSITY OF MICHIGAN
HOSPITALS
      defendant
  [term  04/04/02]


WILLIAM BEAUMONT HOSPITAL
      defendant


HENNEPIN COUNTY MEDICAL CENTER
      defendant


MAYO CLINIC
      defendant


ROCHESTER METHODIST HOSPITAL
      defendant


ST MARY'S HOSPITAL OF
ROCHESTER
      defendant


UNIVERSITY OF MINNESOTA
HOSPITAL AND CLINIC
      defendant


JEWISH HOSPITAL OF ST LOUIS
      defendant


ST LOUIS UNIVERSITY HOSPITAL
      defendant


ST LUKES HOSPITAL
      defendant
  [term  04/04/02]


ST PATRICK HOSPITAL
      defendant
  [term  04/04/02]


HACKENSACK MEDICAL CENTER
      defendant
```

```
Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al
                                                                    JRYDMD


PASSAIC GENERAL HOSPITAL
     defendant


UNIVERSITY OF MEDICINE AND
DENTISTRY
     defendant
  [term  04/04/02]


MONTEFIORE MEDICAL CENTER
     defendant


MOUNT SINAI MEDICAL CENTER
     defendant
  [term  04/04/02]


NEW YORK HOSPITAL
     defendant
  [term  04/04/02]


NEW YORK UNIVERSITY MEDICAL
CENTER
     defendant
  [term  04/04/02]


PRESBYTERIAN HOSPITAL IN THE
CITY OF NEW YORK
     defendant


COLUMBIAN-PRESBYTERIAN MEDICAL
CENTER
     defendant
  [term  04/04/02]


ST FRANCIS HOSPITAL               Stephen Damian Rose
     defendant                     [term  04/04/02]
  [term  04/04/02]                 (See above)
                                   [COR LD NTC]
                                  Adam G Snyder
                                   [term  04/04/02]
                                   (See above)
                                   [COR LD NTC]


WESTCHESTER COUNTY MEDICAL
```

```
Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al
                                                                        JRYDMD

CENTER
     defendant
  [term  04/04/02]


DUKE UNIVERSITY MEDICAL CENTER
fka
Duke University Hospital
     defendant


PRESBYTERIAN HOSPITAL
     defendant
  [term  04/04/02]


CHRIST HOSPITAL
     defendant
  [term  04/04/02]


CLEVELAND CLINIC HOSPITAL
     defendant


MIAMI VALLEY HOSPITAL
     defendant
  [term  04/04/02]


RIVERSIDE METHODIST HOSPITALS
     defendant


UNIVERSITY HOSPITALS OF
CLEVELAND
     defendant


BAPTIST MEDICAL CENTER OF
OKLAHOMA
     defendant


OKLAHOMA MEDICAL CENTER
     defendant
  [term  04/04/02]


CHILDREN'S HOSPITAL OF
OKLAHOMA
     defendant


Docket as of April 10, 2002 12:20 pm                    Page 11
```

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

GOOD SAMARITAN HOSPITAL AND
MEDICAL CENTER
    defendant


ST VINCENT HOSPITAL AND
MEDICAL CENTER
    defendant


UNIVERSITY HOSPITAL PORTLAND
    defendant
 [term  04/04/02]


ALLEGHENY GENERAL HOSPITAL
    defendant


HOSPITAL OF THE UNIVERSITY OF
PENNSYLVANIA
    defendant


PENNSYLVANIA HOSPITAL
    defendant


PHILADELPHIA HEART INSTITUTE
    defendant
 [term  04/04/02]


PRESBYTERIAN UNIVERSITY
HOSPITAL
    defendant


PRESBYTERIAN UNIVERSITY OF
PENNSYLVANIA MEDICAL CENTER OF
PHILADELPHIA
    defendant


SHADYSIDE HOSPITAL
    defendant


TEMPLE UNIVERSITY HOSPITAL
    defendant


THOMAS JEFFERSON UNIVERSITY
HOSPITAL

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

    defendant

RHODE ISLAND HOSPITAL
    defendant
 [term  04/04/02]

MUSC MEDICAL CENTER OF MEDICAL
UNIVERSITY OF SOUTH CAROLINA
    defendant
 [term  04/04/02]

METHODIST HOSPITALS OF MEMPHIS
    defendant

ST THOMAS HOSPITAL
    defendant

BAYLOR UNIVERSITY MEDICAL
CENTER
    defendant

DALLAS COUNTY HOSPITAL
DISTRICT - PARKLAND MEMORIAL
HOSPITAL
    defendant
 [term  04/04/02]

METHODIST HOSPITAL
    defendant

PRESBYTERIAN HOSPITAL OF
DALLAS
    defendant

ST DAVID'S HOSPITAL
    defendant
 [term  04/04/02]

ST LUKE'S EPISCOPAL HOSPITAL
    defendant
 [term  04/04/02]

METHODIST HOSPITAL

Docket as of April 10, 2002 12:20 pm       Page 13

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

     defendant
[term  04/04/02]


LDS HOSPITAL
     defendant


UNIVERSITY OF UTAH HOSPITAL
     defendant
[term  04/04/02]


MEDICAL COLLEGE OF VIRGINIA
HOSPITALS
     defendant
[term  04/04/02]


VIRGINIA COMMONWEALTH
UNIVERSITY
     defendant


SENTARA NORFOLD GENERAL
HOSPITAL
     defendant


DEACONESS MEDICAL CENTER -
SPOKANE
     defendant
[term  04/04/02]


PROVIDENCE MEDICAL CENTER
     defendant


SACRED HEART MEDICAL CENTER
     defendant
[term  04/04/02]


UNIVERSITY OF WASHINGTON
MEDICAL CENTER
     defendant
[term  09/30/99]


GEORGE WASHINGTON UNIVERSITY
HOSPITAL
     defendant
[term  04/04/02]

```
Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al
```
                                                                      JRYDMD

```
WASHINGTON HOSPITAL CENTER        Stephen Damian Rose
        defendant                  [term  04/04/02]
  [term  04/04/02]                 (See above)
                                   [COR LD NTC]
                                   Michael P. Ruark
                                    [term  04/04/02]
                                   (See above)
                                   [COR LD NTC]
                                   Adam G Snyder
                                    [term  04/04/02]
                                   (See above)
                                   [COR LD NTC]


CHILDREN'S HOSPITAL OF
WISCONSIN
        defendant
  [term  04/04/02]


ST LUKES MEDICAL CENTER
        defendant


ST MARY'S HOSPITAL MEDICAL
CENTER
        defendant
  [term  04/04/02]


SINAI SAMARITAN MEDICAL CENTER    Stephen Damian Rose
        defendant                  (See above)
                                   [COR LD NTC]
                                   Michael P. Ruark
                                   (See above)
                                   [COR LD NTC]
                                   Adam G Snyder
                                   (See above)
                                   [COR LD NTC]


DOES, 1 through 30 inclusive
        defendant


------------------------


INTERESTED ATTORNEY               Laurie A Oberembt
        Interested Party           [COR LD NTC]
                                   U S DEPARTMENT OF JUSTICE
                                   CIVIL DIVISION
```

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

P O BOX 261
BEN FRANKLIN STATION
WASHINGTON, DC 20044
202-307-0473

Harold Malkin
[COR LD NTC]
YARMUTH WILSDON CALFO PLLC
1201 THIRD AVE
STE 3080
SEATTLE, WA 98101-3000
206-516-3800

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

| | | |
|---|---|---|
| 3/31/94 | 1 | COMPLAINT for violation of the federal false claims act; and for violation of the Calif. false claims act; jury demand (Summons(es) NOT issued) Receipt # 213916 (seal) [Entry date 04/04/94] |
| 3/31/94 | 2 | APPLICATION FOR ADMISSION by atty Donald R. Warren to practice on behalf of Kevin D Cosens, Kevin D Cosens Receipt # no fee paid, cnsl called. (seal) [Entry date 04/04/94] |
| 3/31/94 | 3 | DECLARATION of Jacqueline L. Tacher by plaintiffs re: application [2-1] (seal) [Entry date 04/04/94] |
| 3/31/94 | 4 | DECLARATION of Donald R. Warren by plaintiffs re: application [2-1] (seal) [Entry date 04/04/94] |
| 3/31/94 | -- | LODGED ORDER: re: application [2-1] (seal) [Entry date 04/04/94] |
| 3/31/94 | 5 | APPLICATION by plaintiffs for Order filing complaint in camera and under seal (seal) [Entry date 04/04/94] |
| 3/31/94 | -- | LODGED ORDER: re: application [5-1] (seal) [Entry date 04/04/94] |
| 4/5/94 | 6 | ORDER by Clerk Bruce Rifkin GRANTING Pro Hac Vice admissions for atty Donald R. Warren for plt; fee paid, Receipt #214019 [2-1] (cc: all counsel) (seal) [Edit date 04/05/94] |
| 4/12/94 | 7 | ORDER SEALING Complaint under the false clams act by Judge Carolyn R. Dimmick [5-1] (cc: all counsel) (seal) |
| 5/31/94 | 8 | United States' EX PARTE APPLICATION for an extension of time from 6/6/94 to and including 3/6/95, of the time during which the United States may notify the Court of its decision whether to intervene (seal) [Entry date 06/01/94] |
| 5/31/94 | 9 | MEMORANDUM in support re: application [8-1] (seal) [Entry date 06/01/94] |
| 5/31/94 | 10 | DECLARATION of Steve Y. Koh re: application [8-1] (seal) [Entry date 06/01/94] |
| 5/31/94 | -- | LODGED ORDER: re: application [8-1] (seal) [Entry date 06/01/94] |
| 6/1/94 | 11 | ORDER by Judge Carolyn R. Dimmick; Hereby Ordered that the United States shall have until 3/6/95 to notify the Court of its decision to intervene in this action; and further ordered that the complaint and all other filings shall remain under seal until the United States notices its election, or until further notice of this Court. (cc: all counsel) (seal) |

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

                                                        JRYDMD

3/6/95    12    UNITED STATES EX PARTE APPLICATION for a second extension
                of time of 90 days from 3/6/95 to and including 6/5/95 (seal)

3/6/95    13    ORDER  by Judge Carolyn R. Dimmick  GRANTING United States
                application for extension of time to 6/5/95 to notify the
                Court of its decision to intevene in this action; it is
                further ordered that the complaint & all other filings shall
                remain under seal until the United States notices its
                election, or until further notice of this Court. [12-1] (cc:
                counsel, Judge) (seal) [Edit date 08/07/95]

4/17/95   14    NOTICE by plaintiff of change of address (seal)

6/2/95    15    EX PARTE APPLICATION by USA for a third extension of time
                to notify the Court of its decision whether to intervene in
                this qui tam False Claims Act lawsuit. (seal)
                [Entry date 06/05/95]

6/2/95    16    MEMORANDUM  in support re:  application by USA for a third
                extension of time [15-1] (seal) [Entry date 06/05/95]

6/2/95    17    DECLARATION  of Steve Y. Koh re:  application by USA for a
                third extension of time [15-1] (seal) [Entry date 06/05/95]

6/2/95    --    LODGED ORDER: re:  application by USA for third extension
                of time [15-1] (seal) [Entry date 06/05/95]

6/5/95    18    ORDER  by Judge Carolyn R. Dimmick  GRANTING  USA's
                application for a third extension of time to notify the
                Court of its decision to intervene in this lawsuit. [15-1].
                It is hereby ORDERED that the USA shall have until 9/5/95
                to notify the Court of its decision to intervene in this
                action; and further ORDERED that the Complaint and all
                other filings shall remain under seal until the USA notices
                its election, or until further notice of this Court. (cc:
                Dept of Justice, Civil Div., Judge) (seal)

8/4/95    19    QUI TAM EX PARTE APPLICATION/MOTION by plaintiff to
                partially unseal the complaint (seal) [Entry date 08/07/95]

8/4/95    20    MEMORANDUM by plaintiff in support of motion to partially
                unseal the complaint [19-1] (seal) [Entry date 08/07/95]

8/4/95    21    DECLARATION  of Donald Warren by plaintiff in support of
                motion to partially unseal the complaint [19-1] (seal)
                [Entry date 08/07/95]

8/4/95    --    LODGED ORDER: re:  motion to partially unseal the complaint
                [19-1] (seal) [Entry date 08/07/95]

8/4/95    22    AFFIDAVIT OF SERVICE by plaintiff of motion to partially
                unseal the complaint [19-1], mem in support, declaration
                and proposed order. (seal) [Entry date 08/07/95]

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

8/11/95  23   ORDER  by Judge Carolyn R. Dimmick  GRANTING pltf's  motion
              to partially unseal the complaint [19-1]. It is hereby
              ORDERED that those portions of the instant Qui Tam
              complaint be and are hereby unsealed which 1) set forth the
              identity of dfts who are also pltfs in the declaratory
              relief action in LA, leaving the names of all other dfts
              sealed; 2) set forth the allegations and; 3) set forth the
              identity of cnsl, leaving the identity of the Qui Tam pltf
              sealed. It is further ORDERED that all other aspects of the
              complaint and all other filings shall remain under seal as
              previously ordered. (cc: counsel, Judge) (seal)

8/11/95  24   RESPONSE  by Interested Party Interested Attorney re:
              motion to partially unseal the complaint [19-1] (seal)
              [Entry date 08/14/95]

8/11/95  25   APPLICATION for a fourth extension of time of 60 days from
              9/6/95 to 11/6/95 by Interested Party Interested Attorney
              in which time the US may notify the Court of its decision
              to intervene. (seal) [Entry date 08/14/95]

8/11/95  26   MEMORANDUM by Interested Party Interested Attorney  in
              support re:  application for a fourth extension of time
              [25-1] (seal) [Entry date 08/14/95]

8/11/95  --   LODGED ORDER: re:  application for a fourth extension of
              time [25-1] (seal) [Entry date 08/14/95]

8/14/95  27   ORDER  by Judge Carolyn R. Dimmick  GRANTING the United
              States' unopposed application for a fourth extension of
              time to determine whether or not to intervene [25-1]. It is
              hereby ORDERED that the U.S. shall have until 11/6/95, to
              notify the Court of its decision regarding intervention in
              this action; and further ORDERED that the Complaint and all
              other filings shall remain under seal until the U.S.
              notices its election, or until further notice of this
              Court. (cc: counsel, Judge) (seal)

11/1/95  28   EX PARTE APPLICATION for a fifth extension of time by
              Interested Party USA Interested Attorney (seal)

11/1/95  29   MEMORANDUM by Interested Party Interested Attorney  in
              support re: ex parte application for an extension of time
              [28-1] (seal)

11/1/95  30   DECLARATION  of Steve Koh by Interested Party Interested
              Attorney re: ex parte application for extension of time
              [28-1] (seal)

11/1/95  --   LODGED ORDER: re: ex parte application by USA for extension
              of time [28-1] (seal)

Docket as of April 10, 2002 12:20 pm                    Page 19

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

11/1/95   31   AFFIDAVIT OF SERVICE by Interested Party Interested
               Attorney of ex parte application for extension of time
               [28-1] (seal)

11/2/95   32   ORDER by Judge Carolyn R. Dimmick GRANTING USA's
               application for an extension of time to 2/5/95 to notify
               the Court of its decision to intervene in this action and
               further ordering that the sealed portions of the complaint
               and all other filings shall remain under seal. [28-1] (cc:
               counsel, Judge) (seal)

12/29/95  33   FIRST AMENDED COMPLAINT [1-1] by plaintiffs for violation
               of the Federal False Claims Act and for violation of the CA
               False Claims Act. (seal)

1/26/96   34   EX PARTE APPLICATION and supporting memorandum by
               Interested Party USA for an extension of time to make a
               decision on whether to intervene in and prosecute this
               action. (seal) [Entry date 01/30/96]

1/26/96   --   LODGED ORDER: re: USA's ex parte application for an
               extension of time in which to intervene [34-1] (seal)
               [Entry date 01/30/96]

2/1/96    35   ORDER by Judge Carolyn R. Dimmick GRANTING USA's
               application for an extension of time to 8/5/96 to decide
               whether to intervene in this matter [34-1]. All materials
               filed shall remain under seal. (cc: counsel, Judge) (seal)

3/28/96   36   NOTICE by USA of Election to intervene in and proceed with
               the action against deft Sutter Memorial Hospital, notice of
               election by state of CA to intervene in and proceed with
               the action against deft Sutter Memorial Hospital (Under
               Seal) (seal) [Entry date 03/29/96]

3/28/96   37   STIPULATION and application by USA , The State of CA and
               Kevin D. Cosens for partial dismissal with dismissal (Under
               Seal) (seal) [Entry date 03/29/96]

3/28/96   --   LODGED ORDER: re: notice [36-1] (seal)
               [Entry date 03/29/96]

3/28/96   38   AFFIDAVIT OF SERVICE by USA of notice [36-1] (seal)
               [Entry date 03/29/96]

3/29/96   39   ORDER by Judge Carolyn R. Dimmick for dismissal of the
               civil claims of the USA, State of CA against Suter Memorial
               Hospital and the settlement agreement between the USA and
               Sutter Memorial Hospital.  Court shall retain jurisdiction
               over the parties to determine compliance with the terms of
               the settlement agreement. Terminating defendant Sutter
               Memorial Hosp (cc: counsel, Judge) (seal)

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

4/4/96    40    AGREED ORDER  by Judge Carolyn R. Dimmick - USA shall be
               permitted to reveal the existence of this qui tam action
               and all of the dft hospitals and in its discretion to
               disclose the amd complaint to any of the dfts, so long as
               the relator's name, identity and any info tending to
               identify the relator is kept confidential (cc: counsel,
               Judge) (seal)

4/30/96   41   APPLICATION FOR ADMISSION to practice on behalf of Kevin D
               Cosens by Phillip E Benson  Receipt # 231360 (seal)
               [Entry date 05/01/96]

4/30/96   42   DECLARATION of Jaqueline L Tacher by plaintiff Kevin D
               Cosens in support of application for pro hac vice admission
               [41-1] (seal) [Entry date 05/01/96]

4/30/96   43   DECLARATION  of Phillip E Benson by plaintiff Kevin D
               Cosens in support of application for pro hac vice admission
               [41-1] (seal) [Entry date 05/01/96]

4/30/96   --   LODGED ORDER: re:  application for pro hac vice admission
               [41-1] (seal) [Entry date 05/01/96]

5/1/96    44   ORDER by Clerk Bruce Rifkin GRANTING Phillip E Benson's
               application to participate pro hac vice on behalf of pltf
               [41-1] (cc: counsel, Judge) (seal)

5/3/96    45   AFFIDAVIT OF SERVICE by plaintiff Kevin D Cosens of order
               lodged [0-0], of declaration of Jaqueline Tacher [43-1], of
               declaration Phillip Benson [42-1], of application for
               admission pro hac vice [41-1] (seal) [Entry date 05/07/96]

6/13/96   46   MOTION (ex parte) by USA for order for confidentiality (seal)
               [Entry date 06/14/96]

6/13/96   47   MEMORANDUM  in support of motion for order for
               confidentiality [46-1]   (under seal) (seal)
               [Entry date 06/14/96]

6/13/96   --   LODGED ORDER: re:  motion for order for confidentiality
               [46-1]   (under seal) (seal) [Entry date 06/14/96]

6/13/96   48   AFFIDAVIT OF SERVICE of motion for order for
               confidentiality [46-1]   (under seal) (seal)
               [Entry date 06/14/96]

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

6/17/96  49    MINUTE ORDER by Judge Carolyn R. Dimmick: The parties are
               directed to file a memorandum of points and authorities
               citing specific authority that would allow the government
               to disclose "patients medical records and/or related
               documents" in its possession to a 3rd pty under any
               circumstance. Memorandum due in 15 days. The proposed
               motion for order for confidentiality [46-1] will be held in
               abeyance until the Court has examined the authorities
               provided by the parties (cc: counsel, Judge) (seal)

7/8/96   50    MEMORANDUM of points and authorities by Interested Party
               USA in support of motion for order for confidentiality
               [46-1] (seal) [Entry date 07/09/96]

7/8/96   51    DECLARATION of Relator Kevin Cosens by Interested Party USA
               in support of memorandum of points and authorities [50-1]
               (seal) [Entry date 07/09/96]

7/8/96   52    AFFIDAVIT OF SERVICE by Interested Party USA of memorandum
               of points and authorities [50-1] and declaration (seal)
               [Entry date 07/09/96]

7/12/96  53    CONFIDENTIALITY STIPULATION and ORDER by Judge Carolyn R.
               Dimmick : The USA may disclose to the relator Kevin Cosens
               for his cnsl, patient medical records and/or related
               documents upon the joint request of the USA and Cosens (See
               Order for Details) (cc: counsel, Judge) (seal)

7/22/96  54    MOTION AND MEMORANDUM by USA to extend time re: 60 day
               investigative period (seal) [Entry date 07/23/96]

7/23/96  55    SUPPLEMENTAL MEMORANDUM re motion to extend time re: 60 day
               investigative period [54-1] (seal)

7/23/96  --    LODGED ORDER: re: motion to extend time re: 60 day
               investigative period [54-1] (seal)

7/24/96  56    ORDER  by Judge Carolyn R. Dimmick  GRANTING USA's motion
               to extend time until 60 days from the date of the 9th
               Circuit's decision on govt's appeal of the district court's
               decision in CV-95-2902JGD (C Dist CA) to decide whether to
               intervene in this matter [54-1] (cc: counsel, Judge) (seal)

5/19/98  57    EX PARTE MOTION/APPLICATION by plaintiff to partially
               unseal the identity of the qui tam pltf (seal)

5/19/98  58    MEMORANDUM by plaintiff in support of motion to partially
               unseal the identity of the qui tam pltf [57-1] (seal)

5/19/98  59    DECLARATION of Philip E Benson by plaintiff in support of
               motion to partially unseal the identity of the qui tam pltf
               [57-1] (seal)

Docket as of April 10, 2002 12:20 pm                    Page 22

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al
                                                                    JRYDMD

5/19/98   --      LODGED ORDER: re:  motion to partially unseal the identity
                  of the qui tam pltf [57-1] (seal)

5/19/98   60      NOTICE by Philip Benson, cnsl for pltf, of change of
                  address (cc: Nealann) (seal)

5/19/98   61      ORDER by Judge William L. Dwyer (for CRD) GRANTING pltf's
                  motion to partially unseal the identity of the qui tam pltf
                  [57-1]. All other aspects of the complaint and all other
                  filings in this case remain under seal as previously
                  ordered (cc: counsel, Judge) (seal)

11/5/98   62      AFFIDAVIT OF SERVICE by plaintiff Kevin D Cosens of attorney
                  substitution notice (seal) [Edit date 11/19/98]

11/19/98  63      ORDER  by Judge Carolyn R. Dimmick substituting attorney:
                  Donald R Warren changed law firms & wanted order permitting
                  substitution; FILED UNDER SEAL (cc:  counsel, Judge) (seal)

11/25/98  64      MINUTE ORDER:  by Judge Carolyn R. Dimmick Case reassigned
                  to Judge Robert S. Lasnik.  Case number now ends with "L."
                  Dates remain in effect. (cc: counsel, Judge) (seal)
                  [Entry date 11/30/98]

12/15/98  65      NOTICE by plaintiff Kevin D Cosens' cnsl, Phillip E.
                  Benson, of change of address (seal) [Entry date 12/17/98]

3/31/99   66      EX PARTE MOTION by plaintiff USA for partial lifting of
                  the seal (seal) [Entry date 04/02/99]

4/1/99    67      ORDER  by Judge Robert S. Lasnik  GRANTING pltf USA's ex
                  parte motion for partial lifting of the seal [66-1]. Govt
                  allowed to inform Western Penn Healthcare and Highmark of
                  existence and nature of allegations, etc. Matter to remain
                  under seal in all other aspects (cc: AUSA, Judge) (seal)
                  [Entry date 04/02/99] [Edit date 04/02/99]

5/19/99   68      NOTICE by USA of 9th Circuit Decision (seal)
                  [Entry date 05/20/99]

6/2/99    69      EX PARTE APPLICATION  by plaintiff USA for partial transfer
                  of venue (seal) [Entry date 06/03/99]

6/2/99    --      LODGED ORDER: re:  application [69-1] (seal)
                  [Entry date 06/03/99]

6/4/99    70      ORDER  by Judge Robert S. Lasnik granting USA's ex parte
                  application for partial transfer of venue. Clerk directed
                  to transfer venue of this case with respect to dfts
                  Scripps-Green and Univ of CA at San Diego to the USDC for
                  Southern Dist of CA. This action with respect to those dfts
                  shall remain under seal until an order is entered by the
                  Southern Dist of CA directing to the contrary (cc: counsel,
                  Judge) (seal) [Entry date 06/07/99]

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

6/14/99  --       ENT-Clerk sent copy of entire case along with certified
                  docket sheet and certified transfer order to USDC Southern
                  Dist at San Diego by UPS on 6/14/99. Ltr to cnsl. (seal)

7/15/99  71       EX PARTE APPLICATION for enlargement of time (seal)
                  [Entry date 07/16/99]

7/15/99  --       LODGED ORDER: re: application [71-1] (seal)
                  [Entry date 07/16/99]

7/19/99  72       ORDER  by Judge Robert S. Lasnik: IT IS HEREBY ORDERED AND
                  ADJDUGED that good cause exists for the requested extension.
                  Accordingly, the United States shall have until 10/17/99 to
                  reach a decision re intervention in and prosecution of this
                  action as to certain defts and/or transfer of venue as to
                  other defendants. [71-1] (cc: counsel, Judge) (seal)
                  [Edit date 07/21/99]

7/23/99  73       EX PARTE APPLICATION  by plaintiff USA for partial transfer
                  of venue (seal) [Entry date 07/28/99]

7/23/99  --       LODGED ORDER: re: application [73-1] (seal)
                  [Entry date 07/28/99]

8/4/99   74       ORDER  by Judge Barbara J. Rothstein for Judge Lasnik
                  granting USA's ex parte application for partial transfer of
                  venue. Clerk directed to transfer venue re dft Duke Univ
                  Med Center to the Middle Dist of North Carolina and with
                  respect to dfts Columbia Miami Heart Inst, Florida Med
                  Center, Holy Cross Hospital, Mt Sinai Med Center and South
                  Miami Hospital to the Souther Dist of Florida. This action
                  shall remain under seal. (cc: counsel, Judge) (seal)
                  [Entry date 08/05/99]

8/17/99  75       EX PARTE APPLICATION FOR PARTIAL TRANSFER OF VENUE by
                  plaintiff USA  to the Northern Dist of CA re defts Univ of
                  CA-San Francisco Hospital, Stanford Univ Hosp,Seton
                  Hospital, Good Samaritan and Sequoia Hospital (seal)
                  [Entry date 08/20/99]

8/18/99  --       ENT-Clerk sent 2 complete copies of original case file
                  along with certified copies of the docket sheet and
                  transfer order to the Southern Dist of Florida and the
                  Middle District of North Carolina by UPS on 8/18/99. (seal)

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

| | | |
|---|---|---|
| 8/20/99 | 76 | ORDER by Judge Robert S. Lasnik  GRANTING US' Ex Parte Application for Partial Transfer of Venue [75-1]. Clerk is directed to transfer venue re deft: University of California-San Francisco Hospital, Stanford University Hospital, Seton Hospital, Good Samaritan Hospital and Sequoia Hospital to the NORTHEN DISTRICT OF CALIFORNIA. With respect to these defts, this action SHALL REMAIN UNDER SEAL until on Order is entered by the N. Dist of CA to the contrary. (cc: counsel, RSL) (seal) |
| 8/27/99 | -- | ENT-  Complete copy of court file along with certified copy of docket entries and Transfer Order were sent to the Northern District of California by UPS. Picked up by UPS on Monday, August 30th. (seal) |
| 9/1/99 | 77 | EX PARTE APPLICATION by plaintiff USA for partial transfer of venue (FILED UNDER SEAL) (seal) [Entry date 09/08/99] |
| 9/1/99 | -- | LODGED ORDER: re:  USA's ex parte application [77-1] (FILED UNDER SEAL) (seal) [Entry date 09/08/99] [Edit date 09/08/99] |
| 9/9/99 | 78 | ORDER by Judge Robert S. Lasnik GRANTING US's ex parte application for partial transfer of venue [77-1]. Clerk is directed to transfer venue re defts Hennepin County Medical Center, the Mayo Clinic, Rochester Methodist Hospital and Clinic to the District of Minnesota; and re defts Cleveland Clinic and University Hospital of Cleveland to the Northern District of Ohio; and defts Allegheny General Hospital, Presbyterian University Hospital and Shadyside Hospital to the Western District of Pennsylvania. With respect to these defts, this action SHALL REMAIN UNDER SEAL until an order to the contrary is entered by the district court in one or more of the districts to which venue has been transferred (cc: counsel, Judge) (seal) |
| 9/9/99 | -- | ENT-Clerk sent 3 complete copies of original case file along with certified copies of the docket sheet and transfer order to the District of Minnesota, the Northern District of Ohio and the Western District of Pennsylvania by UPS on 9/9/99 (seal) |
| 9/10/99 | 79 | EX PARTE APPLICATION by plaintiff USA for partial lifting of seal for limited disclosure in settlement and dismssal pleadings (seal) [Entry date 09/13/99] |
| 9/10/99 | -- | LODGED ORDER: re:  application [79-1] (seal) [Entry date 09/13/99] |

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

9/14/99  80    ORDER by Judge Robert S. Lasnik GRANTING application
               [79-1]. US granted permission to reveal the identity of the
               Relator and of any and all settling defts over which this
               court has retained jurisdiction in furture pleadings
               involving (1) intervention in this action and/or (2)
               dismissal of this action with respect to those defts which
               has settled with the US. All other filings in this matter
               shall continue to be made under seal until such time as the
               government's intervention deadline expires or is not
               extended (cc: counsel, Judge) (seal)

9/15/99  81    NOTICE by plaintiff USA of election to intervene and settle
               w/re to deft UWMC (seal) [Entry date 09/17/99]

9/17/99  82    RECEIPT re:  order [78-1] from Norther District of Ohio,
               1:99cv2162 (seal) [Entry date 10/04/99]

9/17/99  83    RECEIPT re:  order [78-1] from Western District of
               Pensylvania, 99-1472 (seal) [Entry date 10/04/99]

9/18/99  84    RECEIPT re:  order [78-1] from District of Minnesota (seal)
               [Entry date 10/04/99]

9/22/99  85    RECEIPT re:  order [74-1] from Middle District of N.
               Carolina (seal) [Entry date 10/04/99]

9/22/99  86    RECEIPT re:  order [78-1] from N. District of Ohio,
               1:99cv2162 (seal) [Entry date 10/04/99]

9/22/99  87    RECEIPT re:  order [74-1] from Southern District of
               Florida, 99-2379 (seal) [Entry date 10/04/99]

9/30/99  88    NOTICE OF DISMISSAL with prejudice as to party Univ of WA
               Med Cntr (seal) [Entry date 10/05/99]

10/15/99 89    EX PARTE APPLICATION/MOTION by plaintiff USA for
               enlargement of time (FILED UNDER SEAL) (seal)
               [Entry date 10/18/99]

10/15/99 --    LODGED ORDER: re:  USA's ex parte application/motion for
               enlargement of time [89-1] (FILED UNDER SEAL) (seal)
               [Entry date 10/18/99]

10/18/99 90    ORDER by Judge Marsha J. Pechman GRANTING pltf's ex parte
               motion for enlargement of time [89-1]; USA shall have until
               2/18/00 to convene and engge in settlement negotiations
               with remaining defts (cc: counsel, Judge) (FILED UNDER
               SEAL) (seal)

2/15/00  91    EX PARTE APPLICATION/MOTION by plaintiff USA for
               enlargement of time (FILED UNDER SEAL) (seal)
               [Entry date 02/16/00]

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

2/15/00   --      LODGED ORDER: re:  motion for enlargement of time (FILED UNDER SEAL) [91-1] (seal) [Entry date 02/16/00]

2/17/00   92      ORDER by Judge Robert S. Lasnik GRANTING USA's ex parte motion for enlargement of time to 6/18/00 (FILED UNDER SEAL) [91-1] (cc: Judge) (seal)

4/24/00   93      NOTICE by plaintiff Kevin D Cosens of change of address (seal)

6/16/00   94      Ex Parte MOTION/application and supporting memo by plaintiff USA for enlargement of time (seal) [Entry date 06/19/00]

6/16/00   95      AFFIDAVIT OF SERVICE by plaintiff USA of motion for enlargement of time [94-1] etc. (seal) [Entry date 06/19/00]

6/19/00   --      LODGED ORDER: re:  motion for enlargement of time [94-1] (seal)

6/19/00   96      ORDER by Judge Robert S. Lasnik GRANTING ex parte application/motion by USA for enlargement of time [94-1] to 10/18/00 to reach a decision re intervention (cc: counsel, Judge) (seal)

10/17/00 97      APPLICATION  by plaintiff USA for enlargement of time (seal) [Entry date 10/19/00]

10/19/00 98      ORDER by Judge Robert S. Lasnik GRANTING  USA's ex parte application [97-1]; intervention ddl extended to 2/18/01 (cc: counsel, Judge) (FILED UNDER SEAL) (seal)

2/16/01   99      APPLICATION  by plaintiff USA  for enlargement of time to which the complaint to remain under seal (under seal) (seal) [Entry date 02/20/01]

2/20/01   100     ORDER  by Judge Robert S. Lasnik  GRANTING  application for enlargement of time to and including 6/18/01 for USA to reach a decision regarding intervention in and prosecution of this action. Complaint shall remain under seal [99-1] (cc: counsel for USA, Judge) (seal)

3/27/01   101     APPLICATION  by Interested Party USA for partial lifting of seal (under seal) (seal) [Entry date 03/28/01]

3/27/01   --      LODGED ORDER: re:  application [101-1] (seal) [Entry date 03/28/01]

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

3/28/01   102      ORDER by Judge Robert S. Lasnik GRANTING application for
                   a partial lifting of the seal. Ordered that the complaint
                   and all other filings in this case remain under seal until
                   further order of this Court, except to the extend
                   previously unsealed and for a partial lifting for purposes
                   of disclosing the allegations to two other relators who
                   have filed related qui tam actions involving defts HCA West
                   Florida Regional Hospital and Heathwest Regional Medical
                   Center, that are now pending as part of MDL proceedings in
                   the US Dist of Columbia.[101-1] (cc: USA, Judge) (seal)
                   [Entry date 03/30/01]

5/25/01   103      MOTION/NOTICE by plaintiff USA for partial dismissal and
                   partial lifting of seal (seal) [Entry date 05/29/01]

5/25/01   --       LODGED ORDER: re: motion for partial dismissal and partial
                   lifting of seal [103-1] (seal) [Entry date 05/29/01]

5/29/01   104      ORDER by Judge Robert S. Lasnik GRANTING USA's
                   motion/notice for partial intervention and pltfs' request
                   for partial dismissal and partial lifting of seal [103-1]
                   (cc: counsel, Judge) (seal) [Entry date 05/30/01]

6/11/01   105      MOTION (ex parte) by Interested Party USA to extend time
                   (seal) [Entry date 06/12/01]

6/11/01   --       LODGED ORDER: re: motion to extend time [105-1] (seal)
                   [Entry date 06/12/01]

6/11/01   106      AFFIDAVIT OF SERVICE by Interested Party of motion to
                   extend time [105-1] (seal) [Entry date 06/12/01]

6/12/01   107      ORDER by Judge Robert S. Lasnik GRANTING USA's motion to
                   extend time until Oct 18, 2001 re: intervention in and
                   prosecution of this action [105-1] (cc: USA , Judge) (seal)

6/22/01   108      NOTICE by Qui Tam plaintiff of change of address (seal)
                   [Entry date 06/26/01]

7/18/01   109      NOTICE by plaintiff USA of partial intervention and pltfs'
                   request for partial dismissal and partial lifting of seal
                   (seal) [Entry date 07/19/01]

7/18/01   --       LODGED ORDER: re: notice [109-1] by USA of partial
                   intervention and pltfs' request for partial dismissal and
                   partial lifting of seal (seal) [Entry date 07/19/01]

7/19/01   110      ORDER by Judge Robert S. Lasnik GRANTING notice of partial
                   intervention and pltfs' request for partial dismissal and
                   partial lifting of seal [109-1] (cc: counsel, Judge) (seal)
                   [Entry date 07/20/01]

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

9/12/01 111     ATTORNEY APPEARANCE for defendant Sinai Samaritan Med, defendant Loma Linda Univ Med, defendant Washington Hosp Ctr, defendant St Francis Hospital, defendant St. Joseph's Hosp, defendant Yale-New Haven Hosp by Stephen Damian Rose, Michael P. Ruark, Adam G Snyder (seal) [Entry date 09/17/01]

9/27/01 112     SUBSTITUTION OF COUNSEL on behalf of USA substituting atty Brian C Kipnis for withdrawing attorney Harold Malkin for USA (seal) [Entry date 10/01/01]

10/11/01 113     APPLICATION by defendants AND ORDER admitting Leonard Homer pro hac vice. Receipt # 404137 (cc: Judge) (seal) [Entry date 10/12/01]

10/11/01 114     APPLICATION by defendants AND ORDER admitting Martha P. Rogers pro hac vice. Receipt # 404138 (cc: counsel, Judge) (seal) [Entry date 10/12/01]

10/11/01 115     APPLICATION by defendants AND ORDER admitting Ray M. Shephard pro hac vice. Receipt # 404137 (cc: counsel, Judge) (seal) [Entry date 10/12/01]

10/16/01 116     UNOPPOSED EX PARTE APPLICATION by plaintiff USA for enlargement of time and for partial transfer of venue (seal) [Entry date 10/17/01]

10/16/01 --     LODGED ORDER: re: application [116-1] (seal) [Entry date 10/17/01]

10/16/01 117     AFFIDAVIT OF SERVICE by plaintiff USA application [116-1] (seal) [Entry date 10/17/01]

10/17/01 118     ORDER by Judge Robert S. Lasnik: having considered USA's Ex Parte Application for enlargment of time and or partial transfer of venue, USA shall have until 4/18/02 to reach a decision regarding intervention and prosecution of this action; the Clerk shall transfer venue of this case with respect to dft Scripps Memorial to the district court for the Southern District of California; and inform the Court that this case is related to US ex rel. Cosens v. Scripps Green Hospital, case no. 99-cv-1264-IEG (S.D. Cal.). (cc: counsel, Judge) (seal) [Entry date 10/18/01]

10/24/01 119     MOTION by Movant Hospitals to dismiss for misjoinder, improper venue and lack of jurisdiction OA REQ'D NOTED FOR 11/16/01 (seal) [Entry date 10/25/01]

10/24/01 120     MEMORANDUM by defendant in support of motion to dismiss for misjoinder, improper venue and lack of jurisdiction OA REQ'D [119-1] (seal) [Entry date 10/25/01]

10/24/01 --     LODGED ORDER: re: motion to dismiss for misjoinder, improper venue and lack of jurisdiction OA REQ'D [119-1] (seal) [Entry date 10/25/01]

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

10/24/01 121    MOTION by Movant Hospitals to dismiss for failure to
                prosecute with due diligence and to preclude govt
                intervention OA REQ'D NOTED FOR 11/16/01 (seal)
                [Entry date 10/25/01]

10/24/01 122    MEMORANDUM by defendant in support of motion to dismiss for
                failure to prosecute with due diligence and to preclude
                govt intervention OA REQ'D [121-1] (seal)
                [Entry date 10/25/01]

10/24/01 --     LODGED ORDER: re:  motion to dismiss for failure to
                prosecute with due diligence and to preclude govt
                intervention OA REQ'D [121-1] (seal) [Entry date 10/25/01]

10/24/01 123    AFFIDAVIT OF SERVICE by defendant motion to dismiss for
                misjoinder, improper venue and lack of jurisdiction OA
                REQ'D [119-1] (seal) [Entry date 10/25/01]

11/2/01  --     PRAECIPE by Sinai Samaritan Med, St Mary's Hosp Med  to
                attach or replace documents to  memorandum [122-1] in the
                Court file. (seal) [Entry date 11/05/01]

11/2/01  --     PRAECIPE by Sinai Samaritan Med  to attach or replace
                documents to  memorandum [120-1] in the Court file. (seal)
                [Entry date 11/05/01]

11/2/01  --     PRAECIPE by Sinai Samaritan Med  to attach or replace
                documents to  memorandum [122-1] in the Court file. (seal)
                [Entry date 11/05/01]

11/2/01  --     PRAECIPE by Sinai Samaritan Med  to attach or replace
                documents to  memorandum [120-1] in the Court file. (seal)
                [Entry date 11/05/01]

11/2/01  124    AFFIDAVIT OF SERVICE by defendant praecipe [0-0] (seal)
                [Entry date 11/05/01]

11/9/01  125    RESPONSE by plaintiff USA  to motion to dismiss for failure
                to prosecute with due diligence and to preclude govt
                intervention [121-1], motion to dismiss for misjoinder,
                improper venue and lack of jurisdiction [119-1] (seal)
                [Entry date 11/14/01]

11/9/01  126    RESPONSE by plaintiff Kevin D Cosens  to motion to dismiss
                for failure to prosecute with due diligence and to preclude
                govt intervention  [121-1], motion to dismiss for
                misjoinder, improper venue and lack of jurisdiction [119-1]
                (seal) [Entry date 11/14/01]

11/15/01 127    REPLY by defendants TO RESPONSE to motion to dismiss for
                failure to prosecute with due diligence and to preclude
                govt intervention [121-1] (seal) [Entry date 11/20/01]

Docket as of April 10, 2002 12:20 pm                      Page 30

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

12/21/01 128    MOTION by defendants to dismiss OA REQ'D NOTED FOR 1/18/01
                (seal) [Entry date 12/27/01] [Edit date 12/27/01]

12/21/01 129    MEMORANDUM by defendants in support of motion to dismiss
                [128-1] (seal) [Entry date 12/27/01]

12/21/01 130    AFFIDAVIT OF SERVICE by defendants of motion to dismiss
                [128-1], memorandum [129-1] (seal) [Entry date 12/27/01]

1/4/02    131   MOTION by plaintiff Kevin D Cosens to extend time for
                hearing on dfts' motion to dismiss and motion for
                bifurcation NOTED FOR 1/15/02 (seal) [Entry date 01/07/02]

1/4/02    132   MEMORANDUM by plaintiff Kevin D Cosens in support of
                motion to extend time for hearing on dfts' motion to
                dismiss and motion for bifurcation [131-1] (seal)
                [Entry date 01/07/02]

1/4/02    133   DECLARATION of Donald Warren by plaintiff re motion to
                extend time for hearing on dfts' motion to dismiss and
                motion for bifurcation [131-1] (seal) [Entry date 01/07/02]

1/4/02    134   AFFIDAVIT OF SERVICE by plaintiff motion to extend time for
                hearing on dfts' motion to dismiss and motion for
                bifurcation [131-1] (seal) [Entry date 01/07/02]

1/8/02    135   MINUTE ORDER: by Judge Robert S. Lasnik SETTING oral
                argument on dft's motion to dismiss [128-1] at 8:30 2/26/02,
                SETTING oral argument on dfts' motion to dismiss for failure
                to prosecute [121-1] at 8:30 2/26/02, SETTING oral argument
                on dfts' motion to dismiss for misjoinder [119-1] at 8:30
                2/26/02 (cc: counsel, Judge) (seal) [Edit date 01/08/02]

1/11/02   --    LODGED ORDER: stip & order to extend briefing schedule
                (seal) [Entry date 01/14/02]

1/14/02   136   STIPULATION and ORDER by Judge Robert S. Lasnik : GRANTING
                parties' motion to extend time for hearing on dfts' motion
                to dismiss and motion for bifurcation [131-1]; briefing
                schedule for dfts' motion to dismiss for lack of
                jurisdiction over subj matter and to preclude govt
                intervention extended one week (cc: counsel, Judge) (seal)
                [Entry date 01/15/02]

1/14/02   137   RESPONSE by defendants to relator Kevin Cosens' motion for
                bifurcation of public disclosure and original source issues
                in dfts' motion to dismiss (seal) [Entry date 01/15/02]

1/15/02   138   REPLY DECLARATION of qui tam relator in support of his
                motion for bifurcation (seal) [Entry date 01/16/02]

1/15/02   139   AFFIDAVIT OF SERVICE by defendants re opposition to Cosen's
                motion for bifurcation (seal) [Entry date 01/16/02]

Docket as of April 10, 2002 12:20 pm                         Page 31

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

1/18/02    140    ORDER by Judge Robert S. Lasnik. RE-NOTED FOR 2/8/02 dfts'
                  motion to dismiss [128-1], response due 2/4/02, rply due
                  2/7/02. The Oral argument set for 2/26/02 at 8:30am., shall
                  proceed as scheduled. GRANTING pltf's motion to extend time
                  for hearing on dfts' motion to dismiss and motion for
                  bifurcation [131-1], DENYING Pltf's motion for bifurcation
                  [0-0] (cc: counsel, Judge). (FILED UNDER SEAL) (seal)
                  [Entry date 01/22/02] [Edit date 01/22/02]

1/18/02    141    RESPONSE by plaintiff USA to motion to dismiss [128-1]
                  (seal) [Entry date 01/22/02]

2/4/02     142    OPPOSITION/RESPONSE by plaintiff to motion to dismiss for
                  misjoinder, improper venue and lack of jurisdiction OA REQ'D
                  [119-1]. (FILED UNDER SEAL) (seal) [Entry date 02/05/02]
                  [Edit date 02/05/02]

2/4/02     143    DECLARATION of Kevin Cosen by plaintiff Kevin D Cosens in
                  support of motion response [142-1]. (FILED UNDER SEAL) (seal)
                  [Entry date 02/05/02]

2/6/02     144    MOTION by defendants for one week extension of time to
                  file a reply to Relator's opposition to dft's mtn to
                  dismiss for lack of subject matter jurisdiction (FILED
                  UNDER SEAL) (seal) [Entry date 02/07/02]

2/6/02     145    AFFIDAVIT OF SERVICE by defendant of motion for one week
                  extension of time to file a reply to Relator's opposition
                  to dft's mtn to dismiss for lack of subject matter
                  jurisdiction (FILED UNDER SEAL) [144-1] (seal)
                  [Entry date 02/13/02]

2/8/02     146    ORDER by Judge Robert S. Lasnik GRANTING dfts/movants'
                  unopposed motion for one week extension of time to file a
                  reply to Relator's opposition to dft's mtn to dismiss for
                  lack of subject matter jurisdiction (FILED UNDER SEAL)
                  [144-1], RENOTING FOR 2/15/02 the motion to dismiss [128-1]
                  (cc: counsel, Judge) (seal) [Entry date 02/13/02]

2/13/02    148    REPLY by defendants' to Government's Opposition to dfts'
                  motion to dismiss for lack of subject matter jurisdiction
                  and to preclude govt intervention (seal)
                  [Entry date 02/15/02]

2/13/02    149    AFFIDAVIT OF SERVICE by defendant motion reply [147-1],
                  motion reply [148-1] (seal) [Entry date 02/15/02]

2/14/02    147    REPLY by defendants' to Qui Tam Relator's Opposition to
                  dfts' motion to dismiss for lack of jurisdiction over the
                  subject matter and to preclude govt intervention (seal)
                  [Entry date 02/15/02]

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al
                                                                    JRYDMD

2/20/02  150   MOTION by plaintiff USA for order for partial intervention
               and pltfs' request for partial dismissal and partial
               lifting of seal(not noted) (seal) [Entry date 02/25/02]

2/20/02  --    LODGED ORDER: re: motion for order for partial
               intervention and pltfs' request for partial dismissal and
               partial lifting of seal(not noted) [150-1] (seal)
               [Entry date 02/25/02]

2/20/02  151   AFFIDAVIT OF SERVICE by plaintiff USA of motion for order
               for partial intervention and pltfs' request for partial
               dismissal and partial lifting of seal(not noted) [150-1]
               (seal) [Entry date 02/25/02]

2/26/02  152   MINUTES of oral argument on defts' motions to dismiss: RSL;
               Dep Clerk: KL; CR: Laurene Kelly; Pla Counsel D. Cohen for
               DOJ and D. Warren for Relator Cosens; Def Counsel R.
               Shepard and M. Rogers; DENYING motion to dismiss for
               failure to prosecute with due diligence and to preclude
               govt intervention OA REQ'D [121-1]; DENYING motion for
               misjoinder; court will wait to rule on defts' motion to
               dismiss for lack of jurisdiction (seal)
               [Entry date 03/04/02]

3/6/02   153   ORDER by Judge Robert S. Lasnik DENYING movant hospitals'
               motion to dismiss for failure to prosecute and to preclude
               government intervention [128-1], STRICKING movant
               hospitals' motion to dismiss for misjoinder, improper venue
               and lack of jurisdiction as premature [119-1]; STRICKING
               motion to dismiss for lack of subject matter and to
               preclude government intervention as premature (cc: counsel,
               Judge) (seal)

4/3/02   154   Unopposed Ex Parte MOTION by plaintiff USA for enlargement
               of time (seal) [Entry date 04/04/02]

4/3/02   --    LODGED ORDER: re: motion for enlargement of time [154-1]
               (seal) [Entry date 04/04/02]

4/3/02   155   Notice by plaintiff USA and relator of declination
               against, and voluntary dismissal of, thirty-nine defts, and
               request for partial lifting of seal (seal)
               [Entry date 04/04/02]

4/3/02   --    LODGED ORDER: re: notice/motion by gov and relator of
               declination against, and voluntary dismissal of,
               thirty-nine defts, and request for partial lifting of seal
               [155-1] (seal) [Entry date 04/04/02]

4/3/02   156   Unopposed ex parte MOTION by plaintiff USA and relator to
               sever and transfer the GA defts (seal) [Entry date 04/04/02]

4/3/02   --    LODGED ORDER: re: motion to sever and transfer the GA
               defts [156-1] (seal) [Entry date 04/04/02]

Docket as of April 10, 2002 12:20 pm                    Page 33

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

4/3/02    157    Unopposed ex parte MOTION by plaintiff USA and relator to
                 sever and transfer defts to CD/CA (seal)
                 [Entry date 04/04/02]

4/3/02    --     LODGED ORDER: re: motion to sever and transfer defts to
                 CD/CA [157-1] (seal) [Entry date 04/04/02]

4/3/02    158    Unopposed ex parte MOTION by plaintiff USA and relator to
                 sever and transfer deft St. Francis Hospital (seal)
                 [Entry date 04/04/02]

4/3/02    --     LODGED ORDER: re: motion to sever and transfer deft St.
                 Francis Hospital [158-1] (seal) [Entry date 04/04/02]

4/3/02    159    Unopposed ex parte MOTION by plaintiff USA and relator to
                 sever and transfer Spokane defts (seal)
                 [Entry date 04/04/02]

4/3/02    --     LODGED ORDER: re: motion to sever and transfer Spokane
                 defts [159-1] (seal) [Entry date 04/04/02]

4/3/02    160    Unopposed ex parte MOTION by plaintiff USA and relator to
                 sever and transfer defts to the MD/FL (seal)
                 [Entry date 04/04/02]

4/3/02    --     LODGED ORDER: re: motion to sever and transfer defts to
                 the MD/FL [160-1] (seal) [Entry date 04/04/02]

4/3/02    161    Unopposed ex parte MOTION by plaintiff USA to sever and
                 transfer the IL defts (seal) [Entry date 04/04/02]

4/3/02    --     LODGED ORDER: re: motion to sever and transfer the IL
                 defts [161-1] (seal) [Entry date 04/04/02]

4/3/02    162    Unopposed ex parte MOTION by plaintiff USA and relator to
                 sever and transfer defts to the SD/TX (seal)
                 [Entry date 04/04/02]

4/3/02    --     LODGED ORDER: re: motion to sever and transfer defts to
                 the SD/TX [162-1] (seal) [Entry date 04/04/02]

4/3/02    163    Unopposed ex parte MOTION by plaintiff USA and relator to
                 sever and transfer deft Washington Hospital Center (seal)
                 [Entry date 04/04/02]

4/3/02    --     LODGED ORDER: re: motion to sever and transfer deft
                 Washington Hospital Center [163-1] (seal)
                 [Entry date 04/04/02]

4/3/02    164    Unopposed ex parte MOTION by plaintiff USA and relator to
                 sever and transfer deft Yale-New Haven Hospital (seal)
                 [Entry date 04/04/02]

Docket as of April 10, 2002 12:20 pm                    Page 34

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

4/3/02    --    LODGED ORDER: re:  motion to sever and transfer deft
                Yale-New Haven Hospital [164-1] (seal) [Entry date 04/04/02]

4/4/02    165   TRANSCRIPT of proceedings for the following date(s):
                02/26/02 (Re: Transcript of proceedings)  CR initials: L.
                Kelly (seal) [Entry date 04/05/02]

4/4/02    166   ORDER by Judge Robert S. Lasnik GRANTING unopposed ex parte
                motion for enlargement of time [154-1] until 8/19/02 (cc:
                counsel, Judge) (seal) [Entry date 04/05/02]

4/4/02    167   ORDER by Judge Robert S. Lasnik GRANTING motion by
                government and relator of declination against, and
                voluntary dismissal of, thirty-nine defts, and request for
                partial lifting of seal [155-1] (cc: counsel, Judge) (seal)
                [Entry date 04/05/02]

4/4/02    168   ORDER by Judge Robert S. Lasnik GRANTING unopposed ex parte
                motion to sever and transfer the GA defts [156-1];
                transferring defendant Crawford Long Hosp, defendant Emory
                Univ Hospital, St. Joseph's Hosp to ND/GA (cc: counsel,
                Judge) (seal) [Entry date 04/05/02] [Edit date 04/05/02]

4/4/02    169   ORDER by Judge Robert S. Lasnik GRANTING unopposed ex parte
                motion to sever and transfer defts to CD/CA [157-1];
                transferring defendant Cedars-Sinai Med Ctr, defendant
                Daniel Freeman Mem, defendant Hosp Good Samaritan,
                defendant Loma Linda Univ Med, defendant Long Beach Mem
                Medt to CD/CA (cc: counsel, Judge) (seal)
                [Entry date 04/05/02]

4/4/02    170   ORDER by Judge Robert S. Lasnik GRANTING unopposed ex parte
                motion to sever and transfer deft St. Francis Hospital
                [158-1]; transferring defendant St Francis Hospital to
                ED/NY (cc:  counsel, Judge) (seal) [Entry date 04/05/02]

4/4/02    171   ORDER by Judge Robert S. Lasnik GRANTING unopposed ex parte
                motion to sever and transfer Spokane defts [159-1];
                transferring defendant Deaconess Med Center, defendant
                Sacred Heart Med Ctr (cc: counsel, Judge) (seal)
                [Entry date 04/05/02]

4/4/02    172   ORDER by Judge Robert S. Lasnik GRANTING unopposed ex parte
                motion to sever and transfer defts to the MD/FL [160-1];
                transferring defendant Florida Hosp Med Ctr, defendant
                Lakeland Regl Med, defendant Lee Memorial Hosp, defendant
                Orlando Regl Medical to MD/FL (cc:  counsel, Judge) (seal)
                [Entry date 04/05/02]

4/4/02    173   ORDER by Judge Robert S. Lasnik GRANTING unopposed ex parte
                motion to sever and transfer the IL defts [161-1];
                transferring defendant NW Memorial Hospital, defendant
                Foster G McGaw Hosp, defendant Loyola Univ Chicago,
                defendant Rush-Presbyterian to ND/IL (cc: counsel, Judge)

Proceedings include all events.
2:94cv474 Cosens, et al v. Univ of Alabama, et al

JRYDMD

(seal) [Entry date 04/05/02]

4/4/02   174   ORDER by Judge Robert S. Lasnik GRANTING unopposed ex parte
               motion to sever and transfer defts to the SD/TX [162-1];
               transferring defendant St Luke's Episcopal, defendant
               Methodist Hospital to SD/TX (cc:  counsel, Judge) (seal)
               [Entry date 04/05/02]

4/4/02   175   ORDER by Judge Robert S. Lasnik GRANTING unopposed ex parte
               motion to sever and transfer deft Washington Hospital
               Center [163-1]; transferring defendant Washington Hosp Ctr
               to District of Columbia (cc: counsel, Judge) (seal)
               [Entry date 04/05/02]

4/4/02   176   ORDER by Judge Robert S. Lasnik GRANTING unopposed ex parte
               motion to sever and transfer deft Yale-New Haven Hospital
               [164-1]; transferring defendant Yale-New Haven Hosp to
               D/CN (cc: counsel, Judge) (seal) [Entry date 04/05/02]

4/10/02  --    ENT-mailed by UPS: certified copy of docket entries;
               certified copy of transfer order; and copies of case file
               documents to ND/GA, CD/CA, ED/NY, ED/WA, MD/FL, ND/IL,
               SD/TX, DC, and D/CT (seal)

Docket as of April 10, 2002 12:20 pm                Page 36

1   Donald R. Warren
    Monaghan & Strauss
2   1450 Front Street
    San Diego, CA 92101
3   (619) 231-0059

4   Phillip E. Benson
    Law Offices of Phillip E. Benson
5   610 Newport Center Drive, Suite 1010
    Newport Beach, CA 92660
6   (714) 644-4388

7   Designated Local Counsel
    W.K. McInerny
8   McInerny, Baker
    3600 First Interstate Bldg.
9   Seattle, WA  98104
    (206) 464-1000
10
    Attorneys for Qui Tam Plaintiff
11

12                                          **02 C 2986**

13                  **UNITED STATES DISTRICT COURT**

14              **WESTERN DISTRICT OF WASHINGTON**

15  UNITED STATES, ex rel. KEVIN     )   CASE NO. _CG4-4740_
    D. COSENS; and STATE OF          )
16  CALIFORNIA, ex rel. KEVIN D.     )   COMPLAINT FOR VIOLATION OF THE
    COSENS,                          )   FEDERAL FALSE CLAIMS ACT
17                                   )   [31 U.S.C. Section 3729, et
         Plaintiffs,                 )   seq.]; and FOR VIOLATION OF THE
18                                   )   CALIFORNIA FALSE CLAIMS ACT
    v.                               )   [CAL. GOVT. CODE SECTION 12650,
19                                   )   et seq.]
                                     )
20  UNIVERSITY OF ALABAMA            )   DEMAND FOR JURY TRIAL
    HOSPITAL; ARIZONA HEART          )
21  INSTITUTE FOUNDATION; GOOD       )
    SAMARITAN REGIONAL MEDICAL       )
22  CENTER; HEALTHWEST REGIONAL      )
    MEDICAL CENTER; ST. JOSEPH'S     )
23  HOSPITAL AND MEDICAL CENTER;     )
    UNIVERSITY MEDICAL CENTER;       )
24  CEDARS-SINAI MEDICAL CENTER;     )
    CHILDREN'S HOSPITAL OF LOS       )
25  ANGELES; DANIEL FREEMAN          )
    MEMORIAL HOSPITALS; GOOD         )
26  SAMARITAN HOSPITAL OF SANTA      )
    CLARA VALLEY; GREEN HOSPITAL     )
27  OF SCRIPPS CLINIC; HOAG          )
    MEMORIAL HOSPITAL                )
28  PRESBYTERIAN; HOSPITAL OF THE    )

                        1

1　PRESBYTERIAN UNIVERSITY OF ）
　　PENNSYLVANIA MEDICAL CENTER OF ）
2　PHILADELPHIA; SHADYSIDE ）
　　HOSPITAL; TEMPLE UNIVERSITY ）
3　HOSPITAL; THOMAS JEFFERSON ）
　　UNIVERSITY HOSPITAL; RHODE ）
4　ISLAND HOSPITAL; MUSC MEDICAL ）
　　CENTER OF MEDICAL UNIVERSITY ）
5　OF SOUTH CAROLINA; METHODIST ）
　　HOSPITALS OF MEMPHIS; ST. ）
6　THOMAS HOSPITAL; BAYLOR ）
　　UNIVERSITY MEDICAL CENTER; ）
7　DALLAS COUNTY HOSPITAL ）
　　DISTRICT - PARKLAND MEMORIAL ）
8　HOSPITAL; METHODIST HOSPITAL; ）
　　PRESBYTERIAN HOSPITAL OF ）
9　DALLAS; ST. DAVID'S HOSPITAL; ）
　　ST. LUKE'S EPISCOPAL HOSPITAL; ）
10　THE METHODIST HOSPITAL; L.D.S. ）
　　HOSPITAL; UNIVERSITY OF UTAH ）
11　HOSPITAL; MEDICAL COLLEGE OF ）
　　VIRGINIA HOSPITALS, VIRGINIA ）
12　COMMONWEALTH UNIVERSITY; ）
　　SENTARA NORFOLK GENERAL ）
13　HOSPITAL; DEACONESS MEDICAL ）
　　CENTER - SPOKANE; PROVIDENCE ）
14　MEDICAL CENTER; SACRED HEART ）
　　MEDICAL CENTER; UNIVERSITY OF ）
15　WASHINGTON MEDICAL CENTER; ）
　　GEORGE WASHINGTON UNIVERSITY ）
16　HOSPITAL; WASHINGTON HOSPITAL ）
　　CENTER; CHILDREN'S HOSPITAL OF ）
17　WISCONSIN; ST. LUKES MEDICAL ）
　　CENTER; ST. MARY'S HOSPITAL ）
18　MEDICAL CENTER; SINAI ）
　　SAMARITAN MEDICAL CENTER; ）
19　and DOES 1  through 30, ）
　　inclusive, ）
20　　　　　　　　　　　　　　　　）
21　　　　　Defendants. ）
　　　　　　　　　　　　　　　　　）
22　────────────────────────── ）

23　　　　COMES NOW QUI TAM RELATOR, Plaintiff KEVIN D. COSENS, for

24　himself and for the United States of America, pursuant to 31

25　U.S.C. sections 3729, et seq., and for himself and for the State

26　of California, pursuant to Cal. Govt. Code sections 12650, et

27　seq., and alleges as follows:

28　/ / /

4

I

## JURISDICTION

1.    Jurisdiction of the claims asserted herein under the Federal False Claims Act is based upon federal subject matter pursuant to 31 U.S.C. sections 3729, et seq. and False Claims Act multi-defendant jurisdiction pursuant to 31 U.S.C. 3732(a). Jurisdiction of the claims asserted herein under the California False Claims Act is based upon the court's ancillary jurisdiction pursuant to 31 U.S.C. section 3732(b).

II

## VENUE

2.    Venue in the Western District Court is based upon 31 U.S.C. 3732(a) and the fact that at least one defendant can be found in, resides in, transacts business in, or has performed acts proscribed by 31 U.S.C. sections 3729, et seq. in this district.   Moreover, each of the defendants is believed to have transacted business in this district through acts including, but not limited to, either the procurement of medical supplies, attendance at professional seminars, the treatment of patients residing in this district, the charging of medical services for patients who reside or have resided in this district, or through the sharing or obtaining of medical advice or information with or from Defendants who reside in this district.

3.    Venue is further based on the Senate Report which

5

1   explained the 1986 addition of this venue section.  The "new

2   section 3732 of title 31 [was added] to modernize the

3   jurisdiction and   venue provisions of the False Claims Act, by

4   recognizing the existence of multi-defendant and multi-district

5   frauds against the Government."  "Multiple suits, of course,

6   increase the cost to the Government to pursue these cases and

7   have a comparable impact upon the judicial resources required

8   for a complete adjudication."  "This expansion of jurisdiction

9   and venue is made with a view to more effective litigation by

10  the Government as well as convenience and fairness."  1986

11  U.S.C.C.A.N. pp. 5266, 5297 (Senate Report No. 99-345).

12

13      4.   Further, the consolidation of all Defendants in this

14  single action is proper because of common questions of law and

15  fact.  Common questions of law and fact include the

16  applicability of the Federal False Claims Act to improper

17  Medicare and Medicaid reimbursement claims by each defendant for

18  the same or similar types of non-reimbursable medical

19  procedures, as set forth hereinafter.  The techniques used for

20  such mischarging by each defendant are pervasive, widespread and

21  common to all Defendants, and include common suppliers of non-

22  FDA approved medical devices.

23

24      5.   Venue for the claims brought pursuant to Cal. Govt.

25  Code 12650, et seq. is based upon 31 U.S.C. 3732(b).

26  / / /

27  / / /

28  / / /

III

PARTIES

6.    Plaintiff Kevin D. Cosens (hereinafter referred to as "Cosens") is an individual who resides in King County, Washington.  Cosens is a private citizen who has served as a sales representative and clinical support person for cardiovascular device manufacturers.

7.    All defendants in this complaint are hereinafter referred to as "Federal Defendants", with regard to their violations of the Federal False Claims Act.  These "Federal Defendants" are designated in paragraphs 8 through 139 below. Additionally, the defendants that have also violated the California False Claims Act are designated in paragraph 140 of this complaint and are hereinafter also referred to as "California Defendants."

8.    Defendant University of Alabama Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Alabama, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

9.    Defendant Arizona Heart Institute Foundation is a corporation which at all material times was licensed to do business as an entity in the State of Arizona, and was engaged in the knowing submission of false claims to Medicare and

7

1  Medicaid for reimbursement as described herein.

2

3      10.   Defendant Good Samaritan Regional Medical Center is a

4  non-profit tax exempt organization which at all material times

5  was licensed to do business as an entity in the State of

6  Arizona, and was engaged in the knowing submission of false

7  claims to Medicare and Medicaid for reimbursement as described

8  herein.

9

10

11     11.   Defendant Healthwest Regional Medical Center is a

12  corporation which at all material times was licensed to do

13  business as an entity in the State of Arizona, and was engaged

14  in the knowing submission of false claims to Medicare and

15  Medicaid for reimbursement as described herein.

16

17     12.   Defendant St. Joseph's Hospital and Medical Center is

18  a non-profit tax exempt organization which at all material times

19  was licensed to do business as an entity in the State of

20  Arizona, and was engaged in the knowing submission of false

21  claims to Medicare and Medicaid for reimbursement as described

22  herein.

23

24     13.   Defendant University Medical Center is a non-profit

25  tax exempt organization which at all material times was licensed

26  to do business as an entity in the State of Arizona, and was

27  engaged in the knowing submission of false claims to Medicare

28  and Medicaid for reimbursement as described herein.

14. Defendant Cedars-Sinai Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of California, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

15. Defendant Children's Hospital of Los Angeles is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of California, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

16. Defendant Daniel Freeman Memorial Hospitals is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of California, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

17. Defendant Good Samaritan Hospital of Santa Clara Valley is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of California, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

18. Defendant Green Hospital of Scripps Clinic is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of California,

9

1  and was engaged in the knowing submission of false claims to

2  Medicare and Medicaid for reimbursement as described herein.

3

4      19.  Defendant Hoag Memorial Hospital Presbyterian is a

5  non-profit tax exempt organization which at all material times

6  was licensed to do business as an entity in the State of

7  California, and was engaged in the knowing submission of false

8  claims to Medicare and Medicaid for reimbursement as described

9  herein.

10

11     20.  Defendant Hospital of the Good Samaritan is a non-

12  profit tax exempt organization which at all material times was

13  licensed to do business as an entity in the State of California,

14  and was engaged in the knowing submission of false claims to

15  Medicare and Medicaid for reimbursement as described herein.

16

17     21.  Defendant Kaiser Foundation Hospital is a non-profit

18  tax exempt organization which at all material times was licensed

19  to do business as an entity in the State of California, and was

20  engaged in the knowing submission of false claims to Medicare

21  and Medicaid for reimbursement as described herein.

22

23     22.  Defendant Loma Linda University Medical Center is a

24  non-profit tax exempt organization which at all material times

25  was licensed to do business as an entity in the State of

26  California, and was engaged in the knowing submission of false

27  claims to Medicare and Medicaid for reimbursement as described

28  herein.

23. Defendant Long Beach Memorial Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of California, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

24. Defendant Mercy General Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of California, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

25. Defendant St. Joseph Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of California, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

26. Defendant St. Vincent Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of California, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

27. Defendant Scripps Memorial Hospital - La Jolla is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of California, and was engaged in the knowing submission of false

11

1   claims to Medicare and Medicaid for reimbursement as described

2   herein.

3

4       28.  Defendant Sequoia Hospital District is an entity of a

5   political subdivision of the State of California which at all

6   material times was licensed to do business as an entity in the

7   State of California, and was engaged in the knowing submission

8   of false claims to Medicare and Medicaid for reimbursement as

9   described herein.

10

11       29.  Defendant Seton Medical Center is a non-profit tax

12   exempt organization which at all material times was licensed to

13   do business as an entity in the State of California, and was

14   engaged in the knowing submission of false claims to Medicare

15   and Medicaid for reimbursement as described herein.

16

17       30.  Defendant Sutter Memorial Hospital is a non-profit tax

18   exempt organization which at all material times was licensed to

19   do business as an entity in the State of California, and was

20   engaged in the knowing submission of false claims to Medicare

21   and Medicaid for reimbursement as described herein.

22

23       31.  Defendant Stanford University Hospital is a non-profit

24   tax exempt organization which at all material times was licensed

25   to do business as an entity in the State of California, and was

26   engaged in the knowing submission of false claims to Medicare

27   and Medicaid for reimbursement as described herein.

28

12

32. Defendant University of California at Los Angeles Medical Center is an entity of the State of California which at all material times was licensed to do business as an entity in the State of California, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

33. Defendant University of California San Diego Medical Center is an entity of the state of California which at all material times was licensed to do business as an entity in the State of California, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

34. Defendant University of California San Francisco Medical Center is an entity of the state of California which at all material times was licensed to do business as an entity in the State of California, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

35. Defendant Yale-New Haven Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Connecticut, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

36. Defendant Childrens Hospital is a non-profit tax

13

exempt organization which at all material times was licensed to do business as an entity in the State of Colorado, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

37.    Defendant University Hospital (Denver) is an entity of a political subdivision of the State of Colorado which at all material times was licensed to do business as an entity in the State of Colorado, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

38.    Defendant Baptist Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Florida, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

39.    Defendant Florida Hospital Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Florida, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

40.    Defendant Florida Medical Center Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Florida, and was engaged in the knowing submission of false claims to

14

Medicare and Medicaid for reimbursement as described herein.

41. Defendant HCA West Florida Regional Medical Center is a corporation which at all material times was licensed to do business as an entity in the State of Florida, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

42. Defendant Holy Cross Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Florida, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

43. Defendant Lakeland Regional Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Florida, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

44. Defendant Lee Memorial Hospital is an entity of a political subdivision of the State of Florida which at all material times was licensed to do business as an entity in the State of Florida, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

45. Defendant Miami Heart Institute is a non-profit tax

15

1  exempt organization which at all material times was licensed to

2  do business as an entity in the State of Florida, and was

3  engaged in the knowing submission of false claims to Medicare

4  and Medicaid for reimbursement as described herein.

5

6      46.  Defendant Mount Sinai Medical Center is a non-profit

7  tax exempt organization which at all material times was licensed

8  to do business as an entity in the State of Florida, and was

9  engaged in the knowing submission of false claims to Medicare

10  and Medicaid for reimbursement as described herein.

11

12     47.  Defendant Orlando Regional Medical Center is a non-

13  profit tax exempt organization which at all material times was

14  licensed to do business as an entity in the State of Florida,

15  and was engaged in the knowing submission of false claims to

16  Medicare and Medicaid for reimbursement as described herein.

17

18     48.  Defendant Shands Hospital at the University of Florida

19  is a non-profit tax exempt organization which at all material

20  times was licensed to do business as an entity in the State of

21  Florida, and was engaged in the knowing submission of false

22  claims to Medicare and Medicaid for reimbursement as described

23  herein.

24

25     49.  Defendant South Miami Hospital is a non-profit tax

26  exempt organization which at all material times was licensed to

27  do business as an entity in the State of Florida, and was

28  engaged in the knowing submission of false claims to Medicare

and Medicaid for reimbursement as described herein.

50. Defendant Crawford Long Hospital of Emory University is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Georgia, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

51. Defendant Emory University Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Georgia, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

52. Defendant St. Joseph's Hospital of Atlanta is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Georgia, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

53. Defendant Foster G. McGaw Hospital, Loyola University of Chicago is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Illinois, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

17

54.   Defendant Northwestern Memorial Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Illinois, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

55.   Defendant Rush-Presbyterian-St. Luke's Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Illinois, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

56.   Defendant Methodist Hospital of Indiana is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Indiana, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

57.   Defendant St. Joseph's Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Indiana, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

58.   Defendant St. Vincent Hospital and Health Care Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of

18

1  Indiana, and was engaged in the knowing submission of false

2  claims to Medicare and Medicaid for reimbursement as described

3  herein.

4

5

6      59.   Defendant Johns Hopkins Hospital is a non-profit tax

7  exempt organization which at all material times was licensed to

8  do business as an entity in the State of Maryland, and was

9  engaged in the knowing submission of false claims to Medicare

10 and Medicaid for reimbursement as described herein.

11

12     60.   Defendant Sinai Hospital of Baltimore is a non-profit

13 tax exempt organization which at all material times was licensed

14 to do business as an entity in the State of Maryland, and was

15 engaged in the knowing submission of false claims to Medicare

16 and Medicaid for reimbursement as described herein.

17

18     61.   Defendant University of Maryland Medical System is a

19 non-profit tax exempt organization which at all material times

20 was licensed to do business as an entity in the State of

21 Maryland, and was engaged in the knowing submission of false

22 claims to Medicare and Medicaid for reimbursement as described

23 herein.

24

25     62.   Defendant Beth Israel Hospital is a non-profit tax

26 exempt organization which at all material times was licensed to

27 do business as an entity in the State of Massachusetts, and was

28 engaged in the knowing submission of false claims to Medicare

19

and Medicaid for reimbursement as described herein.

63.   Defendant Brigham & Women's Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Massachusetts, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

64.   Defendant Lahey Clinic Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Massachusetts, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

65.   Defendant Massachusetts General Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Massachusetts, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

66.   Defendant New England Deaconess Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Massachusetts, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

67.  Defendant University of Massachusetts Medical Center is an entity of the State of Massachusetts which at all material times was licensed to do business as an entity in the State of Massachusetts, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

68.  Defendant Harper Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Michigan, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

69.  Defendant Henry Ford Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Michigan, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

70.  Defendant Oakwood Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Michigan, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

71.  Defendant St. John Hospital and Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of

21

1  Michigan, and was engaged in the knowing submission of false

2  claims to Medicare and Medicaid for reimbursement as described

3  herein.

4

5      72.   Defendant St. Joseph Mercy Hospital, Catherine McAuley

6  Health System is a non-profit tax exempt organization which at

7  all material times was licensed to do business as an entity in

8  the State of Michigan, and was engaged in the knowing submission

9  of false claims to Medicare and Medicaid for reimbursement as

10  described herein.

11

12      73.   Defendant University of Michigan Hospitals is a non-

13  profit tax exempt organization which at all material times was

14  licensed to do business as an entity in the State of Michigan,

15  and was engaged in the knowing submission of false claims to

16  Medicare and Medicaid for reimbursement as described herein.

17

18      74.   Defendant William Beaumont Hospital is a non-profit

19  tax exempt organization which at all material times was licensed

20  to do business as an entity in the State of Michigan, and was

21  engaged in the knowing submission of false claims to Medicare

22  and Medicaid for reimbursement as described herein.

23

24      75.   Defendant Hennepin County Medical Center is an entity

25  of a political subdivision of the State of Minnesota which at

26  all material times was licensed to do business as an entity in

27  the State of Minnesota, and was engaged in the knowing

28  submission of false claims to Medicare and Medicaid for

22

1  reimbursement as described herein.

2

3    76.  Defendant Mayo Clinic is a non-profit tax exempt

4  organization which at all material times was licensed to do

5  business as an entity in the State of Minnesota, and was engaged

6  in the knowing submission of false claims to Medicare and

7  Medicaid for reimbursement as described herein.

8

9    77.  Defendant Rochester Methodist Hospital is a non-profit

10  tax exempt organization which at all material times was licensed

11  to do business as an entity in the State of Minnesota, and was

12  engaged in the knowing submission of false claims to Medicare

13  and Medicaid for reimbursement as described herein.

14

15    78.  Defendant St. Mary's Hospital of Rochester is a non-

16  profit tax exempt organization which at all material times was

17  licensed to do business as an entity in the State of Minnesota,

18  and was engaged in the knowing submission of false claims to

19  Medicare and Medicaid for reimbursement as described herein.

20

21    79.  Defendant University of Minnesota Hospital and Clinic

22  is an entity of the State of Minnesota which at all material

23  times was licensed to do business as an entity in the State of

24  Minnesota, and was engaged in the knowing submission of false

25  claims to Medicare and Medicaid for reimbursement as described

26  herein.

27

28    80.  Defendant Jewish Hospital of St. Louis is a non-profit

23

tax exempt organization which at all material times was licensed to do business as an entity in the State of Missouri, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

81.   Defendant St. Louis University Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Missouri, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

82.   Defendant St. Lukes Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Missouri, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

83.   Defendant St. Patrick Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Montana, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

84.   Defendant Hackensack Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of New Jersey, and was engaged in the knowing submission of false claims to Medicare

and Medicaid for reimbursement as described herein.

85. Defendant Passaic General Hospital Eastern Heart Institute is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of New Jersey, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

86. Defendant University of Medicine and Dentistry is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of New Jersey, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

87. Defendant Montefiore Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of New York, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

88. Defendant Mount Sinai Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of New York, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

89. Defendant New York Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of New York, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

90. Defendant New York University Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of New York, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

91. Defendant Presbyterian Hospital in the City of New York, Columbia-Presbyterian Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of New York, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

92. Defendant St. Francis Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of New York, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

93. Defendant Westchester County Medical Center Valhalla Campus is an entity of a political subdivision of the State of New York which at all material times was licensed to do business

as an entity in the State of New York, and was engaged in the
knowing submission of false claims to Medicare and Medicaid for
reimbursement as described herein.

94. Defendant Duke University Medical Center (Formerly
known as Duke University Hospital) is a non-profit tax exempt
organization which at all material times was licensed to do
business as an entity in the State of North Carolina, and was
engaged in the knowing submission of false claims to Medicare
and Medicaid for reimbursement as described herein.

95. Defendant Presbyterian Hospital is a non-profit tax
exempt organization which at all material times was licensed to
do business as an entity in the State of North Carolina, and was
engaged in the knowing submission of false claims to Medicare
and Medicaid for reimbursement as described herein.

96. Defendant Christ Hospital is a non-profit tax exempt
organization which at all material times was licensed to do
business as an entity in the State of Ohio, and was engaged in
the knowing submission of false claims to Medicare and Medicaid
for reimbursement as described herein.

97. Defendant Cleveland Clinic Hospital is a non-profit
tax exempt organization which at all material times was licensed
to do business as an entity in the State of Ohio, and was

1  engaged in the knowing submission of false claims to Medicare
2  and Medicaid for reimbursement as described herein.

3

4      98.   Defendant Miami Valley Hospital is a non-profit tax
5  exempt organization which at all material times was licensed to
6  do business as an entity in the State of Ohio, and was engaged
7  in the knowing submission of false claims to Medicare and
8  Medicaid for reimbursement as described herein.

9

10     99.   Defendant Riverside Methodist Hospitals is a non-
11 profit tax exempt organization which at all material times was
12 licensed to do business as an entity in the State of Ohio, and
13 was engaged in the knowing submission of false claims to
14 Medicare and Medicaid for reimbursement as described herein.

15

16     100.   Defendant University Hospitals of Cleveland is a non-
17 profit tax exempt organization which at all material times was
18 licensed to do business as an entity in the State of Ohio, and
19 was engaged in the knowing submission of false claims to
20 Medicare and Medicaid for reimbursement as described herein.

21

22     101.   Defendant Baptist Medical Center of Oklahoma is a
23 non-profit tax exempt organization which at all material times
24 was licensed to do business as an entity in the State of
25 Oklahoma, and was engaged in the knowing submission of false
26 claims to Medicare and Medicaid for reimbursement as described
27 herein.

28

102. Defendant Oklahoma Medical Center, Children's Hospital of Oklahoma is an entity of the State of Oklahoma which at all material times was licensed to do business as an entity in the State of Oklahoma, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

103. Defendant Good Samaritan Hospital and Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Oregon, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

104. Defendant St. Vincent Hospital and Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Oregon, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

105. Defendant University Hospital (Portland) is an entity of the State of Oregon which at all material times was licensed to do business as an entity in the State of Oregon, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

106. Defendant Allegheny General Hospital is a non-profit tax exempt organization which at all material times was licensed

29

1  to do business as an entity in the State of Pennsylvania, and

2  was engaged in the knowing submission of false claims to

3  Medicare and Medicaid for reimbursement as described herein.

4

5  107.  Defendant Hospital of the University of Pennsylvania

6  is a non-profit tax exempt organization which at all material

7  times was licensed to do business as an entity in the State of

8  Pennsylvania, and was engaged in the knowing submission of false

9  claims to Medicare and Medicaid for reimbursement as described

10  herein.

11

12  108.  Defendant Pennsylvania Hospital is a non-profit tax

13  exempt organization which at all material times was licensed to

14  do business as an entity in the State of Pennsylvania, and was

15  engaged in the knowing submission of false claims to Medicare

16  and Medicaid for reimbursement as described herein.

17

18  109.  Defendant Philadelphia Heart Institute is a non-

19  profit tax exempt organization which at all material times was

20  licensed to do business as an entity in the State of

21  Pennsylvania, and was engaged in the knowing submission of false

22  claims to Medicare and Medicaid for reimbursement as described

23  herein.

24

25  110.  Defendant Presbyterian University Hospital is a non-

26  profit tax exempt organization which at all material times was

27  licensed to do business as an entity in the State of

28  Pennsylvania, and was engaged in the knowing submission of false

30

claims to Medicare and Medicaid for reimbursement as described herein.

111.   Defendant Presbyterian University of Pennsylvania Medical Center of Philadelphia is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Pennsylvania, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

112.   Defendant Shadyside Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Pennsylvania, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

113.   Defendant Temple University Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Pennsylvania, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

114.   Defendant Thomas Jefferson University Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Pennsylvania, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

115.   Defendant Rhode Island Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Rhode Island, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

116.   Defendant MUSC Medical Center of Medical University of South Carolina is an entity of the State of South Carolina which at all material times was licensed to do business as an entity in the State of South Carolina, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

117.   Defendant Methodist Hospitals of Memphis is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Tennessee, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

118.   Defendant St. Thomas Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Tennessee, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

119.   Defendant Baylor University Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Texas, and

32

1  was engaged in the knowing submission of false claims to

2  Medicare and Medicaid for reimbursement as described herein.

3

4      120.   Defendant Dallas County Hospital District - Parkland

5  Memorial Hospital is an entity of a political subdivision of the

6  State of Texas which at all material times was licensed to do

7  business as an entity in the State of Texas, and was engaged in

8  the knowing submission of false claims to Medicare and Medicaid

9  for reimbursement as described herein.

10

11     121.   Defendant Methodist Hospital is a non-profit tax

12  exempt organization which at all material times was licensed to

13  do business as an entity in the State of Texas, and was engaged

14  in the knowing submission of false claims to Medicare and

15  Medicaid for reimbursement as described herein.

16

17     122.   Defendant Presbyterian Hospital of Dallas is a non-

18  profit tax exempt organization which at all material times was

19  licensed to do business as an entity in the State of Texas, and

20  was engaged in the knowing submission of false claims to

21  Medicare and Medicaid for reimbursement as described herein.

22

23     123.   Defendant St. David's Hospital is a non-profit tax

24  exempt organization which at all material times was licensed to

25  do business as an entity in the State of Texas, and was engaged

26  in the knowing submission of false claims to Medicare and

27  Medicaid for reimbursement as described herein.

28

124.   Defendant St. Luke's Episcopal Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Texas, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

125.   Defendant The Methodist Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Texas, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

126.   Defendant L.D.S. Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Utah, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

127.   Defendant University of Utah Hospital is an entity of the State of Utah which at all material times was licensed to do business as an entity in the State of Utah, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

128.   Defendant Medical College of Virginia Hospitals, Virginia Commonwealth University is an entity of the State of Virginia which at all material times was licensed to do business as an entity in the State of Virginia, and was engaged in the

knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

129. Defendant Sentara Norfolk General Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Virginia, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

130. Defendant Deaconess Medical Center - Spokane is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Washington, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

131. Defendant Providence Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Washington, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

132. Defendant Sacred Heart Medical Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Washington, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

133.   Defendant University of Washington Medical Center is an entity of the State of Washington which at all material times was licensed to do business as an entity in the State of Washington, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

134.   Defendant George Washington University Hospital is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the District of Columbia, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

135.   Defendant Washington Hospital Center is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the District of Columbia, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

136.   Defendant Children's Hospital of Wisconsin is a non-profit tax exempt organization which at all material times was licensed to do business as an entity in the State of Wisconsin, and was engaged in the knowing submission of false claims to Medicare and Medicaid for reimbursement as described herein.

137.   Defendant St. Lukes Medical Center is a non-profit

1  tax exempt organization which at all material times was licensed

2  to do business as an entity in the State of Wisconsin, and was

3  engaged in the knowing submission of false claims to Medicare

4  and Medicaid for reimbursement as described herein.

5

6      138.   Defendant St. Mary's Hospital Medical Center is a

7  non-profit tax exempt organization which at all material times

8  was licensed to do business as an entity in the State of

9  Wisconsin, and was engaged in the knowing submission of false

10 claims to Medicare and Medicaid for reimbursement as described

11 herein.

12

13     139.   Defendant Sinai Samaritan Medical Center is a non-

14 profit tax exempt organization which at all material times was

15 licensed to do business as an entity in the State of Wisconsin,

16 and was engaged in the knowing submission of false claims to

17 Medicare and Medicaid for reimbursement as described herein.

18

19     140. Of the "Federal Defendants" listed in paragraphs 7

20 through 139 above, eighteen such Defendants also committed

21 violations of the California False Claims Act as described in

22 this Complaint.  These Defendants are hereinafter referred to as

23 the "California Defendants" and are identified as follows:

24         Cedars-Sinai Medical Center
           Children's Hospital of Los Angeles
25         Daniel Freeman Memorial Hospitals
           Good Samaritan Hospital of Santa Clara Valley
26         Green Hospital of Scripps Clinic
           Hoag Memorial Hospital Presbyterian
27         Hospital of the Good Samaritan
           Kaiser Foundation Hospital
28         Loma Linda University Medical Center

37

                    Long Beach Memorial Medical Center
                    Mercy General Hospital
                    St. Joseph Medical Center
                    St. Vincent Medical Center
                    Scripps Memorial Hospital - La Jolla
                    Sequoia Hospital District
                    Seton Medical Center
                    Sutter Memorial Hospital
                    Stanford University Hospital

These "California Defendants" are more fully described in

paragraphs 14 through 31 above.

     141. The true nature and capacity of Defendants sued and

named herein as DOES 1 through 30, inclusive, are unknown to

plaintiffs, who therefore sue such defendants under such

fictitious names.  DOES 1 through 30 are health care provider

entities who have knowingly submitted false claims to Medicare

and Medicaid for non-FDA approved devices, services and

procedures, through the false use of existing Medicare and

Medicaid billing codes.  The true identities of DOES 1 through

30 will be found in the customer lists kept by the manufacturers

referred to in paragraph 148 below.  Plaintiffs will amend this

complaint to state the true names and capacities of DOES 1

through 30 when such have been fully ascertained.


                              **IV**

                    **SOURCE OF INFORMATION**


     142.  Plaintiff Cosens is the original source of the

allegations alleged herein.  There has been no prior public

disclosure of these allegations.  If such public disclosure has

occurred, Plaintiff is the original source of such allegations.


                              38

**V**

## STATEMENT OF FACTS

143.   The United States through its Medicare and Medicaid programs, and the State of California through its Medicaid program, provide coverage and payment to "providers of services" for certain medical procedures or services performed using devices that have been "approved for marketing" by the Food and Drug Administration (FDA).  However, no payment may be made, pursuant to 42 U.S.C. section 1395 y(a)(1), for items and services which are not "reasonable and necessary."  Further, pursuant to the United States' Medicare Coverage Manual, at §2303.1, program payment may not be made for medical procedures or services performed using devices which have not been "approved for marketing" by the FDA, because such devices are not "reasonable and necessary."

> 2303.1   Devices Not Approved by FDA. --
> Medical devices which have not been approved
> for marketing by the Food and Drug
> Administration (FDA) are considered
> investigational by Medicare and are not
> reasonable and necessary for the diagnosis
> or treatment of illness or injury, or to
> improve the functioning of a malformed body
> member.  Program payment, therefore, may not
> be made for medical procedures or services
> performed using devices which have not been
> approved for marketing by the FDA.

144. Medicaid does not provide coverage for any device, service or procedure that is not considered reasonable and necessary under Medicare.  Defendants have and continue to knowingly misrepresent through the false use of Medicare and

Medicaid reimbursement codes that the following devices and procedures are reimbursable as devices and procedures "approved for marketing" by the FDA:

> (1) Coronary and peripheral atherectomies;
>
> (2) Coronary and peripheral lasers;
>
> (3) Coronary and peripheral stents;
>
> (4) Prosthetic cardiac valves;
>
> (5) Cardiac pacemakers and cardiac pacemaker leads;
>
> (6) Automatic implantable cardiac defibrillators and leads;
>
> (7) Cardiac Radio Frequency ablation ("R.F. ablation");
>
> (8) Cardiac and peripheral angioplasty and angioplasty guiding catheters and guide wires;
>
> (9) Balloon valvuloplasty devices; and
>
> (10) Vascular grafts.

145. The above list of procedures and devices is not exhaustive. Investigation into these mischarges, including investigation into each Defendant's Internal Review Board records, will reveal other non-FDA approved devices for which Defendants have filed false claims for Medicare and Medicaid payment. Plaintiff reserves the right to amend this complaint to add an itemization of these additional false claims that will be revealed as a result of the allegations in this Complaint.

146. The manufacture and use of the devices detailed in this Complaint began in approximately 1985. Most of these devices have only recently been "approved for marketing" by the

1   FDA. Some have never been approved. However, the Defendants

2   herein have knowingly and routinely charged Medicare and

3   Medicaid for reimbursement prior to the approval by the FDA of

4   such devices. Such charging has been accomplished through the

5   knowingly false use of existing Medicare and Medicaid billing

6   codes.

7

8   147. The Defendants have knowingly submitted false claims,

9   obtaining fraudulent Medicare/Medicaid reimbursement during the

10  past eight years totalling at least $800 million to $1 billion

11  or more.

12

13  148. These devices are manufactured by at least twenty-five

14  manufacturers. This list is not exhaustive. Investigation into

15  these allegations, including investigation into each Defendant's

16  Internal Review Board records, will reveal other manufacturers

17  of non-FDA approved devices for which Defendants have filed

18  false claims for Medicare and Medicaid payment. Plaintiff

19  reserves the right to amend this Complaint to add an itemization

20  of these manufacturers that will be revealed as a result of the

21  allegations in this Complaint. A partial list of manufacturers

22  includes:

23          Advanced Cardiovascular Systems ("A.C.S.")
            Santa Clara, California 95052
24
            Advanced Interventional Systems ("A.I.S.")
25          Irvine, California 92718

26          Baxter Edwards Divisions
            Irvine, California 92714
27
            Biotronik, Incorporated
28          Lake Oswego, Oregon 97035

41

Boston Scientific
  Meditech Division
  Mansfield Division
Mansfield, Massachusetts 02048

Carbomedics, Inc.
Austin, Texas 78752

Cardiac Pacemakers Incorporated ("C.P.I.")
St. Paul, Minnesota 55112

Cook Inc.
Bloomington, Indiana 47403

Cordis
Miami Lakes, Florida 33014

Cryolife, Inc.
Marietta, Georgia 30067

Devices for Vascular Intervention ("D.V.I.")
Redwood City, California 94063

Electro Physiologies ("E.P.") Technologies
Sunnyvale, California 94086

Heart Technologies
Redmond, Washington 98052

Intermedics, Incorporated
Angleton, Texas 77515

Interventional Technologies ("I.V.T.")
San Diego, California 92123

Johnson and Johnson Interventional
Warren, New Jersey 07059

Meadox, Inc.
Oakland, New Jersey 07436

Medtronic Inc.
Minneapolis, Minnesota 55432

Scimed
Maplegrove, Minnesota 55311

Siemans Pacesetter
Sylmar, California 91392

Spectranetics, Inc.
Colorado Springs, Colorado 80907

Tel Lectronics Pacing Systems
Bellevue, Washington 98006

Toray
Woodlands, Texas 77380

United States Catheter Instruments ("U.S.C.I.")
Billerica, Massachusetts 01821

Webster Laboratories
Baldwin Park, California 91706

149. <u>Non-FDA Approved Coronary and Peripheral Atherectomies</u>

This is a procedure where atheroma (deposits within the vessel) is removed by a cutting, drilling or suction device. The devices and their manufacturers are as follows:

| Manufacturer | Device |
|---|---|
| D.V.I. | Atherocath |
| Heart Technologies | Rotoblader |
| I.V.T. | Tech device |
| Cordis | Drill |

150. The hospital charge of each procedure is approximately $10,000.00; the physician's charge is approximately $1,500.00. Both of these charges were falsely billed to Medicare/Medicaid by the responsible hospital defendants. The Defendants have performed approximately 3,000 such non-FDA approved procedures. Of this number, at least thirty percent (30%) of these procedures were falsely billed to Medicare/Medicaid.

151. <u>Non-FDA Approved Coronary and Peripheral Lasers</u>

This is a procedure where an Excimer Laser lases atheroma from the vessel. The devices and their manufacturers are as follows:

| Manufacturer | Device |
|---|---|
| A.I.S. | Excimer Laser and Catheters |

43

| Spectranetics | Excimer Laser and Catheters |
|---|---|
| U.S.C.I | Laser balloon |

152. The hospital charge of each procedure is approximately $10,000.00; the physician's charge is approximately $1,500.00. Both of these charges were falsely billed to Medicare/Medicaid by the responsible hospital defendants. The Defendants have performed approximately 5,000 such non-FDA approved procedures. Of this number, at least thirty percent (30%) of these procedures were falsely billed to Medicare/Medicaid.

153. **Non-FDA Approved Coronary and Peripheral Stents**

This is a procedure where wire scaffolding is placed inside the vessel to open an occluded vessel. The devices and their manufacturers are as follows:

| Manufacturer | Device |
|---|---|
| Cook, Inc. | Stents |
| Johnson and Johnson (Interventional Division) | Stents |
| Medtronic (Interventional Division) | Stents |

154. The hospital charge of each procedure is approximately $10,000.00; the physician's charge is approximately $1,500.00. Both of these charges were falsely billed to Medicare/Medicaid by the responsible hospital defendants. The Defendants have performed approximately 4,000 such non-FDA approved procedures. Of this number, at least thirty percent (30%) of these procedures were falsely billed to Medicare/Medicaid.

155. **Non-FDA Approved Prosthetic Cardiac Valves**

This is a procedure where cardiac valves are repaired with rings or replaced with prosthetic valves. The devices and their manufacturers are:

| Manufacturer | Device |
|---|---|
| Carbomedics | Cardiac Valves/rings |
| Baxter | Cardiac Valves/rings |
| Medtronic | Cardiac Valves/rings |
| Cryolife | Cardiac Valves/rings |

156. The hospital charge of each procedure is approximately $40,000.00; the physician's charge is approximately $5,000.00. Both of these charges were falsely billed to Medicare/Medicaid by the responsible hospital defendants. The Defendants have performed approximately 15,000 such non-FDA approved procedures. Of this number, at least thirty percent (30%) of these procedures were falsely billed to Medicare/Medicaid.

157. **Non-FDA Approved Cardiac Pacemakers and Cardiac Pacemaker Leads**

This is a procedure whereby pacemakers are implanted to regulate slow heart rates. The devices and manufacturers are:

| Manufacturer | Device |
|---|---|
| Medtronic | Pacemakers and leads |
| Siemans Pacesetter | Pacemakers and leads |
| Intermedics | Pacemakers and leads |
| Biotronik, Inc. | Pacemakers and leads |
| Tel Lectronics | Pacemakers and leads |
| C.P.I. | Pacemakers and leads |

158. The hospital charge of each procedure is approximately $14,000.00; the physician's charge is approximately $1,000.00. Both of these charges were falsely billed to Medicare/Medicaid by the responsible hospital defendants. The Defendants have

45

1 performed approximately 10,000 such non-FDA approved procedures.

2 Of this number, at least thirty percent (30%) of these

3 procedures were falsely billed to Medicare/Medicaid.

5   159. **Non-FDA Approved Automatic Implantable Cardiac Defibrillators and Leads**

   This is a procedure where a defibrillator is implanted to

regulate fast heart rates. The devices and their manufacturers

are:

| Manufacturer | Device |
|---|---|
| Ventritex | AICDs and leads |
| Medtronic | AICDs and leads |
| C.P.I. | AICDs and leads |
| Tel Lectronics | AICDs and leads |
| Intermedics | AICDs and leads |

14   160. The hospital charge of each procedure is approximately

15 $60,000.00; the physician's charge is approximately $5,500.00.

16 Both of these charges were falsely billed to Medicare/Medicaid

17 by the responsible hospital defendants. The Defendants have

18 performed approximately 4,000 such non-FDA approved procedures.

19 Of this number, at least thirty percent (30%) of these

20 procedures were falsely billed to Medicare/Medicaid.

22   161. **Non-FDA Approved Cardiac Radio Frequency Ablation and Electro Physiology Studies**

24   The ablation procedure is a procedure where a catheter tip

25 is heated and used to burn the interior wall of the heart to

26 eliminate atrial arrhythmias for certain patients. Electro

27 physiology studies involve the use of non-approved catheters to

28 map the electrical system of the heart. The devices and their

manufacturers are:

| Manufacturer | Device |
|---|---|
| E.P. Technologies | Ablation catheters |
| | E.P. Catheters |
| Medtronics | Ablation catheters |
| (cardiorhythms division) | E.P. Catheters |
| Cordis (Webster division) | Ablation catheters |
| | E.P. Catheters |

162. There are no catheters approved by the FDA for ablation procedures. The catheters used by Defendants are specifically labeled for safety reasons "For Single Use Only" and "Not For Use In Ablation Procedures." These labels are mandated by the FDA. However, Defendants are not only using these catheters for ablation procedures, they are re-using the catheters numerous times each. Both of these issues are in direct violation of FDA mandates. Yet, the Defendants continue to charge Medicare and Medicaid for the ablations by using the re-used non-approved catheters four or five times each. The catheters used are "6 and 7 French catheters with a 4 millimeter tip."

163. Catheters used in E.P. studies are also non-FDA approved. However, defendants are using and re-using these catheters and these are being billed to Medicare and Medicaid.

164. The hospital charge of each procedure is approximately $15,000.00; the physician's charge is approximately $1,500.00. Both of these charges were falsely billed to Medicare/Medicaid by the responsible hospital defendants. The Defendants have

47

1  performed approximately 80,000 such non-FDA approved procedures.

2  Of this number, at least thirty percent (30%) of these

3  procedures were falsely billed to Medicare/Medicaid.

4
5  165.  <u>Non-FDA Approved Cardiac and Peripheral Angioplasty
       and Angioplasty Guiding Catheters and Guide Wires</u>

6  This is a procedure where a balloon is used to open a

7  blocked vessel.  Certain angioplasty devices have previously

8  been approved by the FDA.  However, the Defendants have been

9  billing Medicare/Medicaid for non-FDA approved angioplasty

10  devices.  The devices and their manufacturers are:

11
12  | <u>Manufacturer</u> | <u>Device</u> |
    |---|---|
    | A.C.S. | Angioplasty balloons, guiding catheters and guide wires |
    | Scimed | Angioplasty balloons, guiding catheters and guide wires |
    | Mansfield | Angioplasty balloons, guiding catheters and guide wires |
    | Meditech | Angioplasty balloons, guiding catheters and guide wires |
    | Cordis | Angioplasty balloons, guiding catheters and guide wires |
    | Baxter (Interventional Division) | Angioplasty balloons, guiding catheters and guide wires |
    | U.S.C.I | Angioplasty balloons, guiding catheters and guide wires |

27  166. The hospital charge of each procedure is approximately

28  $10,000.00; the physician's charge is approximately $1,500.00.

48

Both of these charges were falsely billed to Medicare/Medicaid by the responsible hospital defendants. The Defendants have performed approximately 70,000 such non-FDA approved procedures. Of this number, at least twenty percent (20%) of these procedures were falsely billed to Medicare/Medicaid.

### 167. Non-FDA Approved Balloon Valvuloplasty Devices

This is a procedure where a catheter is placed across a stiff valve and a balloon is expanded to open the valve. The devices and their manufacturers are:

| Manufacturer | Device |
|---|---|
| Toray | Valvuloplasty balloon catheters |
| Mansfield | Valvuloplasty balloon catheters |
| Meditech | Valvuloplasty balloon catheters |

168. The hospital charge of each procedure is approximately $12,000.00; the physician's charge is approximately $1,500.00. Both of these charges were falsely billed to Medicare/Medicaid by the responsible hospital defendants. The Defendants have performed approximately 2,000 such non-FDA approved procedures. Of this number, at least fifty percent (50%) of these procedures were falsely billed to Medicare/Medicaid.

### 169. Non-FDA Approved Vascular grafts

This is a procedure where an artificial graft is used to repair or replace a diseased vessel. The devices and their manufacturers are:

/ / /

49

<u>Manufacturer</u>          <u>Device</u>
Meadox                    Vascular grafts

The hospital charge of each procedure is approximately $40,000.00; the physician's charge is approximately $2,000.00. Both of these charges were falsely billed to Medicare/Medicaid by the responsible hospital defendants. The Defendants have performed approximately 1,000 such non-FDA approved procedures. Of this number, at least thirty percent (30%) of these procedures were falsely billed to Medicare/Medicaid.

VI

FIRST CAUSE OF ACTION<br>VIOLATION OF FEDERAL FALSE CLAIMS ACT<br>[31 U.S.C. 3729, ET SEQ.]

170. Between on or about January 1, 1985 and the present, each of the Federal Defendants knowingly submitted false claims for payment to the United States as alleged herein and received payments of Medicare and Medicaid monies derived from the United States Treasury as a result of such False Claims in violation of 31 U.S.C. §3729, et seq.

VII

SECOND CAUSE OF ACTION<br>VIOLATION OF CALIFORNIA FALSE CLAIMS ACT<br>[CAL. GOVT. CODE SECTIONS 12650, ET SEQ.]

171. Between on or about January 1, 1985 and the present, each of the California Defendants knowingly submitted false claims for payment to the State of California as alleged herein

50

and received payments of Medicaid monies derived from the State
of California Treasury as a result of such False Claims in
violation of Cal. Govt. Code §12650, et seq.

WHEREFORE, plaintiff prays for relief as follows:

1.    Full restitution to the United States of all monies
wrongfully received by the Federal Defendants from the United
States;

2.    For three times the dollar amount proven to have been
wrongfully charged to and paid by the United States to the
Federal Defendants;

3.    For maximum civil penalties for all false records,
statements, certification and claims submitted to the United
States by the Federal Defendants;

4.    Full restitution to the State of California of all
monies wrongfully received by the California Defendants from the
State of California;

5.    For three times the dollar amount proven to have been
wrongfully charged to and paid by the State of California to the
California Defendants;

6.    For maximum civil penalties for all false records,
statements, certifications and claims submitted to the State of

1  California by the California Defendants;

2

3       7.    For costs of suit, including reasonable attorneys'

4  fees; and

5

6       8.    For such other and further relief as the Court deems

7  just and proper.

8

9  DATED: *March 31, 1994*                    MONAGHAN & STRAUSS; LAW

10                                            OFFICES OF PHILLIP E. BENSON;
                                              and McINERNY, BAKER

11

12                                            By: *Donald R. Warren*

13                                            Donald R. Warren,
                                              Attorneys for Qui Tam
                                              Plaintiff

14

15       QUI TAM PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

16

17  DATED: *March 31, 1994*                   MONAGHAN & STRAUSS; LAW

18                                            OFFICES OF PHILLIP E. BENSON;
                                              and McINERNY, BAKER

19

20                                            By: *Donald R. Warren*

21                                            Donald R. Warren,
                                              Attorneys for Qui Tam
                                              Plaintiff

22

23

24

25

26

27

28

JS 44
(Rev. 12/96)

*Cot 2*

# CIVIL COVER SHEET

02C 2986

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as re by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

United States
of America

APR 16 2002

**DEFENDANTS**

Foster G. McGaw
Hospital - Loyola
University of Chicago

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

02C 2986 ILED

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

02C 2985 APR 16 2002

02C 2986 MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ATTORNEYS (IF KNOWN)

AUG 27 2002

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PL
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF |
|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☒ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to D
Judge from
Magistrate
Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/et |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization A |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determina Under Equal Access to J |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Qui Tam Cases (False Claims Act, 31 U.S.C.)
Sec. 3729

**VII. REQUESTED IN COMPLAINT**

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in compla
JURY DEMAND: ☐ YES ☐ NO

**VIII.** This case

☐ is not a refiling of a previously dismissed action.

☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
(rec'd in mail)

1-2